Robert S. FUCHS, Regional Director of the First Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board

v.

STEEL–FAB, INC.

Civ. A. No. 73–518.

United States District Court, D. Massachusetts.

March 23, 1973.

Thomas M. Harvey, Roy M. Schoenfeld, Boston, Mass., for plaintiff.

Stanford H. von Mayrhauser, Bowditch, Gowetz & Lane, Michael P. Angelini, Worcester, Mass., for defendant.

## OPINION

FREEDMAN, District Judge.

The Regional Director of the National Labor Relations Board for the First Region has petitioned this Court for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j), pending the determination by the National Labor Relations Board of a complaint alleging unfair labor practices by the respondent, Steel-Fab, Inc. This matter was argued by counsel on February 26, 1973. The petitioner requests mandatory injunctive relief which, in essence, would require the respondent to negotiate with the United Steelworkers of America as the exclusive bargaining representative of respondent's employees and also requests prohibitory relief which would require respondent to refrain from engaging in any unfair labor practices. The petitioner further requests that a shop employee, Charles Valera, be reinstated to his former rate of pay, having had said pay decreased because of union activity.

### Statement of Facts

Respondent is a Massachusetts corporation which operates a plant that manufactures, sells and distributes fabricated steel products. Said plant is located in Fitchburg, Massachusetts, and in the course of its usual business, respondent has sold and transported substantial quantities of said steel products outside of Massachusetts. The parties have stipulated that respondent properly is engaged in interstate commerce within the meaning of the National Labor Relations Act.

On August 4, 1972, the United Steelworkers of America, hereinafter called the "Union", filed a representation petition in Case No. 1–RC–12,298 to represent the production and maintenance employees of respondent's plant at Fitchburg, Massachusetts. An election was duly conducted at respondent's plant on August 31, 1972 pursuant to a stipulation for Certification Upon Consent Election under the direction and supervision of the Regional Director of the National Labor Relations Board. Out of seventy-three (73) eligible voters, the tally of ballots showed that thirty-five (35) votes were cast for the Union and thirty-six (36) were cast for no representation.

On September 6, 1972, the Union filed unfair labor practice charges at the First Region charging the respondent with violations of Sections 8(a)(1), (3) and (5) of the Act, and a copy was served on the respondent on that date. On September 7, 1972, the Union filed timely objections to respondent's conduct affecting the results of the election and served a copy upon the respondent. On October 11, 1972, the Regional Director issued his Report on Objections and directed that the Objections be consolidated with Case No. 1–CA–8560 for hearing before an administrative law judge of the Board. On October 19, 1972, the Regional Director issued an order consolidating cases, complaint and notice of hearing in Case Nos. 1–CA–8560 and 1–RC–12,298. The consolidated complaint, alleging the same unfair labor practices which the Union previously had alleged, was later amended, as was respondent's answer to same. An administrative law judge heard the cases in December 1972 and January 1973, and has not yet rendered a decision to date.

### Conclusions of Law

At the outset of this opinion, the Court emphasizes that its decision on injunctive relief is not to be regarded as a determination of the merits of the case pending before the National Labor Relations Board. Any final determination that the Act was or was not violated should be made by the Board.

The complaint before this Court alleges that the respondent restrained its employees from freely exercising their rights of selection of a bargaining agent by granting wage increases to them at an unexpected time conditioned upon the fact that they vote against the union representation. The complaint also alleges that a fair and reliable election could not be held because of the coercive atmosphere developed by respondent's activities.

From the transcripts of the hearings before the administrative law judge, it appears that there is substantial evidence of violations of the National Labor Relations Act by the respondent. The testimony of respondent's employees indicates that most of them received merit wage increases prior to the election when normally no increases were to be given at that time. It is also apparent that Edward Hall, the president of the respondent company, promised substantial wage increases to employees if the Union lost the election and that said company did wage a campaign against the Union during the election period.

However, this Court finds that 29 U.S.C. § 160(j) does not require injunctive relief against conduct that allegedly constitutes an unfair labor practice simply because the National Labor Relations Board has brought an action that appears to have merit. Kaynard v. Lawrence Rigging, Inc., 68 Labor Cases 29,-360 (E.D.N.Y., 1972). The Court's discretion in granting temporary relief under § 160(j) cannot be activated and motivated solely by a finding of reasonable cause to believe that a violation of the Act has occurred. Section 160(j) is, on the contrary, reserved for a more serious and extraordinary set of circumstances where the unfair labor practice, unless contained, would have an adverse and deleterious effect on the rights of the aggrieved party which could not be remedied through the normal Board channels. Minnesota Mining and Manufacturing Co. v. Meter, 385 F.2d 265, 270 (8th Cir., 1967); Meter v. Milk Drivers

and Dairy Employees of Union Local 546, 339 F.Supp. 1008 (E.D.Minn., 1972). In determining the test to be applied in granting injunctive relief under § 160(j), this Court agrees with McLeod v. General Electric Co., 366 F.2d 847 (2nd Cir., 1966), which held that injunctive relief under § 160(j) was indeed an extraordinary remedy which was issued only to preserve the status quo while an action was pending before the National Labor Relations Board.

In applying these standards to the matter presently before the Court, it is apparent that even though there is reasonable cause to believe that respondent can be found to have violated the Act, this showing alone is not a sufficient reason to grant the injunctive relief requested. Since the Union was never certified by the Board as the representative of respondent's employees and the question of whether the Union was designated on the basis of authorization cards is still an unresolved issue, the status quo presently is one where the Union does not represent respondent's employees. Therefore, to grant injunctive relief which, in effect, would require respondent to bargain with the Union, would actually disregard the status quo and create a bargaining agreement which does not now exist. This is not a case where existing bargaining relations between a Union and a company, which are interrupted by an allegedly unfair labor practice, are continued by injunctive relief pending the outcome of the legal matter before the Board. The Court finds that petitioner in the instant case seeks to create a collective bargaining relation through an injunction. The set of rights and duties imposed does not exist and can not be determined to have existed until the Board resolves the case. Kaynard v. Lawrence Rigging Inc., *supra*, pp. 24,364 and 24,365. As a result, petitioner has not shown that irreparable harm will occur if the injunction is denied. Contrariwise, a false relationship would be imposed on the parties if the injunctive

relief compelling bargaining with the Union was granted.

This Court further finds that the right to petition for injunctive relief occurred on October 19, 1972 with the issuance of the complaint in this matter. Yet, petitioner sought injunctive relief on February 15, 1973, nearly four months after the issuance of the complaint. In an action for injunctive relief, the injunction normally is sought at the same time the action is commenced, since the reason for the relief is the immediate necessity of preserving the status quo. The delay in this case in seeking the injunction leads this Court to believe that the alleged harm petitioner complains of is not as immediate nor as irreparable, in fact, as petitioner has represented.

The Court finds that petitioner has not sustained the burden of proving why injunctive relief should issue either restraining the alleged unfair labor practices or reinstating employee Valera's wage increase. Petitioner's contention of reasonable cause that the Act has been violated is not a sufficient ground without additional ones in order for the extraordinary remedy of an injunction to issue. The aggrieved parties in the instant case still have their remedy before the Board. If Mr. Valera is found to be entitled to the wage increase allegedly taken from him by respondent, then the Board has the power to order the award of that increase. Similarly, if the Board finds that respondent is guilty of unfair labor practices, it can take the proper measures at that time to remedy the situation.

Consequently, this Court finds that petitioner has neither shown that an extraordinary set of circumstances exist that warrants injunctive relief, nor that, if the relief is denied, irreparable harm would occur. The issues involved should be determined through already commenced, normal Board channels. Petitioner's motion for summary judgment and the current petition for a temporary injunction under Section 10(j) of the National Labor Relations Act are hereby denied.