Public Employee Labor Relations Board
No. 78-079

### THE STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, INC.

v.

### THE NEW HAMPSHIRE PUBLIC EMPLOYEE LABOR RELATIONS BOARD

December 29, 1978

*Cleveland, Waters & Bass*, of Concord (*Robert T. Clark* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch*, of Manchester and *Morgan, Brown, Kearns & Joy*, of Boston, Massachusetts, and *Nicholas DiGiovanni, Jr.*, by brief, for the University System of New Hampshire.

*Sheehan, Phinney, Bass & Green*, of Manchester (*Bradford E. Cook* orally), for the Public Employee Labor Relations Board.

LAMPRON, C.J.    This is an appeal under RSA ch. 541 by the State Employees' Association (hereafter SEA) from a decision of the

New Hampshire Public Employees Labor Relations Board (hereafter PELRB) dismissing as not timely filed plaintiff's complaint charging the board of trustees of the University System of New Hampshire (hereafter University) with unfair labor practices under RSA 273-A:51(a), (c) and (g). These practices allegedly occurred during the campaign of a union election concerning the representation of a unit comprised of certain members of the operating staff at the Durham campus.

The election in question was held on May 19 and 20, 1977. A tally of the 838 votes cast, showed a vote of 250 for union representation, and 558 votes against representation. A report setting forth the results of the election was filed by a representative of the board in accordance with PELRB Rule 3.10.

PELRB Rule 3.11 provides as follows:

> All objections to the conduct of an election by the representative of the Board and to conduct affecting the outcome of an election not occurring at the polling area shall be filed with the Board within five (5) days after the report of election is filed under section 3.10. If challenges or objections are filed, the Board shall conduct any hearing it may order within ten (10) days of the date they are filed.

PELRB Rule 3.12 provides in part as follows:

> After the Board has disposed of any challenges and objections filed under sections 3.10 and 3.11 . . . the Board shall issue a Decision and Order setting forth the results of the election and certifying the employee organization that has been elected . . . or certifying that a majority of the employees properly voting in the election voted against representation by any employee organization. . . ."

■ The above rules are designed to provide a prompt determination of the result of an election. One of the primary objectives in enacting a statute such as RSA ch. 273-A is to achieve stability in labor relations. *See NLRB v. Reliance Steel Products Co.*, 322 F.2d 49, 55 (5th Cir. 1963). Certainty and finality in the election result proclaimed by the PELRB are necessary to ensure that end.

■ ■ We hold that the preceding rules pertaining to elections come within the powers given to the PELRB by RSA 273-A:2 VI to "make . . . such rules . . . as may be necessary to carry out the provisions of this chapter." Because plaintiff's complaints of unfair labor practice by representatives of the University were not filed within the

five days required by PELRB Rule 3.10, they were properly dismissed in so far as they sought to attack and affect the results of the election held on May 19 and 20, 1977. Indeed, to sustain plaintiff's collateral attack on the validity of the election would militate against the finality of representation elections. *NLRB v. Reliance Steel Products Co.*, 322 F.2d 49 (5th Cir. 1963).

The plaintiff maintains, however, that since its complaints of unfair labor practices were filed as required by PELRB Rule 4.1 within six months of the alleged violations, their dismissal by the PELRB was erroneous as a matter of law. A union complaint alleged that an officer of the University, during the time between the notice of the election and the election, wrote a letter to the operating staff, who were subjects of the election, that no wage and salary increases, including merit raises, would be given to them pending a collective bargaining agreement. Another complaint alleged that other officials of the University reiterated the same proposition as to increases at an open meeting on the upcoming election held for all operating staff prior to the election. Intimidation of the eligible voters on the days of the election, and opposition to collective bargaining in University publications were also charged.

It is argued on behalf of the defendant that the unfair labor practice complaints are now moot since they cannot affect the election of May 19 and 20, 1977, with which they are concerned. Because no new election is sought and none is pending before the PELRB, the defendant argues that any decision by the PELRB would constitute an advisory opinion and a waste of its time. *See N.H. Dep't of Revenue Admin. v. Public Employee Labor Relations Bd.*, 117 N.H. 976, 979, 380 A.2d 1085, 1086 (1977). We agree with defendant's argument.

*Appeal dismissed.*

All concurred.