Public Employee Labor Relations Board
No. 80-128
No. 80-283

## APPEAL OF THE UNIVERSITY SYSTEM OF NEW HAMPSHIRE

## (New Hampshire Public Employee Labor Relations Board)

December 22, 1980

*Devine, Millimet, Stahl & Branch,* of Manchester, and *Morgan, Brown, Kearns & Joy,* of Boston, Massachusetts (*Nicholas DiGiovanni, Jr.,* orally), for the University System.

*Malloy & Sullivan,* of Manchester (*James J. Barry* orally), for the American Federation of State, County and Municipal Employees, AFL–CIO.

GRIMES, C.J.   In this consolidated appeal the University System of New Hampshire (university system) challenges two decisions of the Public Employee Labor Relations Board (board).

On December 5, 1979, after a rehearing, the board ruled that the Physical Plant Operations and Maintenance Department (PPOMD) of the University of New Hampshire (UNH) constituted an "appropriate bargaining unit" under RSA 273-A:8 and ordered an election. On February 22, 1980, the PPOMD elected the American Federation of State, County and Municipal Employees, AFL–CIO (AFSCME) as its bargaining representative. On the same day, the board certified the AFSCME as the exclusive bargaining represent- ative for the PPOMD and ordered UNH to negotiate collectively with the AFSCME.

The university system appealed the board's certification order and its order to bargain. It also filed with the board a motion to suspend negotiations until this court decided whether the PPOMD was in fact an appropriate bargaining unit. In May 1980, the board denied the motion to stay negotiations. The university system also appealed this decision. On July 9, 1980, we consolidated the two appeals and denied without prejudice a motion to suspend the board's order to bargain.

In deciding that the PPOMD was "the appropriate bargaining unit" for collective bargaining purposes, the board made the following findings of fact. The PPOMD employees serve UNH "as its support staff in the areas of carpentry, maintenance, electrical, and other functions as independent contractors hired by individual departments of the university on a contract basis to make repairs, provide service, evaluate physical needs and the like. They operate out of a common area and do not have offices in all of the areas where they work but rather go to those areas when needed. . . ." The PPOMD is considered one of UNH's major budgetary units; it has a departmental newsletter, departmental social events, uniforms and decals, and some degree of departmental esprit de corps. More often than not, the job classifications of PPOMD employees are unique to that department and are not shared by other university departments.

■   The legislature has vested the board with the primary authority to determine appropriate bargaining units. *See* RSA 273- A:8; *In re Nashua Ass'n of School Principals*, 119 N.H. 90, 398 A.2d 832 (1979). Under RSA 541:13, all findings of the board upon questions properly before it are deemed prima facie lawful and reasonable and the burden rests upon the appealing party to show that the board's ruling is unreasonable or unjust. *Appeal of Berlin*

*Bd. of Educ.*, 120 N.H. 226, 229, 413 A.2d 312, 314 (1980); *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979); *Appeal of State Employees' Ass'n*, 120 N.H. 690, 694, 422 A.2d 1301, 1304 (1980).

■ The principal consideration in determining an appropriate bargaining unit is whether there exists a community of interest "in working conditions such that it is reasonable for the employees to negotiate jointly." *University System v. State*, 117 N.H. 96, 99–100, 369 A.2d 1139, 1140 (1977). In its decision below, the board concluded that there exists a community of interest among the employees of the PPOMD and that, under the statutory guidelines set forth in RSA 273-A:8, sufficient evidence had been presented to establish the PPOMD as an appropriate unit. In so ruling, the board gave great weight to the fact that further persuasive evidence had been presented at the rehearing.

■ The legislature, by enacting RSA ch. 273-A, has established the right of public employees to organize and be represented for the purpose of bargaining collectively. *See* Laws 1975, 490:2. It must have known that added burdens would be placed upon the agencies of the State and that increased costs of government would result from the competition among unions and from the time consumed in both the collective bargaining process and litigation before the board and before this court on appeal over issues created by the statute. The board was properly concerned with the need for governmental efficiency, which could be adversely affected by a proliferation of small bargaining units. *See* Shaw and Clark, *Determination of Appropriate Bargaining Units in the Public Sector: Legal and Practical Problems*, 51 OR. L. REV. 152, 173–74 (1971). In spite of this concern, however, the board determined that the PPOMD was an appropriate bargaining unit. Because that determination is supported by substantial evidence "and constitutes a reasonable interpretation and application of RSA 273-A:8 . . . to the facts of the case," it must be upheld. *University System v. State*, 117 N.H. at 100, 369 A.2d at 1141.

The board wisely stated that not every group of employees who perceive a community of interest will be an appropriate bargaining unit. *See* Shaw and Clark, *supra* at 165. We recognize that, as the university system argues, the board may find it difficult to hold the line once it is broken. Nevertheless, we cannot say that the board's determination with respect to appropriate bargaining units in this particular case is unreasonable or unjust. We will not, therefore, under the circumstances, substitute our judgment for that of the board.

■ We are of the opinion, however, that the refusal of the board to stay negotiations pending an appeal on the question of unit determination was unreasonable. Although elections usually are not stayed pending an appeal of unit determination, *see N.H. Dept. of Rev. Administration v. Public Emp. Lab. Rel. Bd.*, 117 N.H. 976, 979, 380 A.2d 1085, 1087 (1977), the public employer should not be forced to bargain while it has a good faith appeal pending. In the absence of irreparable harm to the employees, it is better to maintain the status quo pending appeal than to subject the employer to the expense and disruption of undertaking negotiations, which may constitute irreparable harm to the employer and may be rendered unnecessary by the result on appeal. *Cf. Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193–94 (5th Cir. 1975), *cert. denied*, 426 U.S. 934 (1976); *Fuchs v. Steel-Fab, Inc.*, 356 F. Supp. 385 (D. Mass. 1973); *Hillsborough v. Superior Court*, 109 N.H. 333, 251 A.2d 325 (1969). We therefore hold that UNH was not required to negotiate pending appeal and that its refusal to do so is not an unfair labor practice within the meaning of RSA 273-A:5 I(e).

*Appeal dismissed in part and sustained in part.*

All concurred.