Public Employee Labor Relations Board
No. 84-053

## Appeal of SAU #21 Joint Board Negotiating Team
### (New Hampshire Public Employee Labor Relations Board)

February 15, 1985

*James F. Allmendinger,* of Concord, by brief and orally, for the Seacoast Educational Support Personnel Association, NEA-New Hampshire.

*Nighswander, Martin, Kidder & Mitchell P.A.,* of Laconia (*James L. Burke* and *Bradley F. Kidder* on the brief, and *Mr. Burke* orally), for SAU #21 Joint Board Negotiating Team.

Douglas, J. This appeal pursuant to RSA chapter 541 challenges the legality of a bargaining unit determination by the public employee labor relations board (PELRB).

On May 17, 1982, the Seacoast Educational Support Personnel Association (SESPA) petitioned the PELRB for certification of a bargaining unit made up of educational support personnel from the six districts in School Administrative Unit No. 21 (SAU #21), including library clerks, nurses' aides, teachers' aides, learning disability tutors, and so-called Title I aides. SAU #21 agreed to the conduct of a representation election as indicated by the signature of Sherman W. Wheeler on behalf of SAU #21 on the petition for certification.

Pursuant to RSA 273-A:8, the PELRB certified the educational support employees of SAU #21 as a bargaining unit as requested by SESPA and held a representation election on June 22, 1982. As a result of the selection of SESPA by those employees as their representative, the PELRB on June 22, 1982, issued a certificate of representation and an order to negotiate.

On September 15, 1982, SESPA informed SAU #21 of its intention to seek a collective bargaining agreement. During the fall of 1982, the superintendent of SAU #21, Richard Hamilton, and Assistant Superintendent Sherman Wheeler met twice with SESPA representatives as a preliminary to negotiating a bargaining agreement. On February 8, 1983, Superintendent Hamilton informed SESPA that SAU #21 was unwilling to negotiate with it "on a SAU wide basis."

SESPA filed an unfair labor practice claim against SAU #21 on March 7, 1983, alleging violations of RSA 273-A:5, I(a) and (e). The PELRB held a hearing on June 7, 1983, at which both parties were represented. In the resultant Decision No. 83-48, issued on October 17, 1983, the PELRB found that SAU #21 had acted improperly in refusing to negotiate with SESPA and ordered SAU #21 to begin to negotiate immediately with SESPA.

SAU #21 moved for rehearing in accordance with RSA 541:3 on November 4, 1983, and five days later SAU #21 moved to stay the PELRB order pending appeal. The PELRB denied both motions and SAU #21 timely appealed to this court. Thereafter, during the pendency of SAU #21's appeal in this court, on February 27, 1984, the PELRB petitioned the superior court pursuant to RSA 273-A:7 for enforcement of the PELRB order to negotiate. SESPA submitted a memorandum in support of the PELRB's petition. The Superior Court (*Nadeau*, J.) granted the PELRB's petition on March 7, 1984. SAU #21 asked this court on June 6, 1984, for a suspension of the PELRB order pending the appeal and this court granted that request on September 6, 1984.

On appeal, SAU #21 asserts that it was never obligated to comply with the order of the PELRB to negotiate with SESPA because the PELRB had no jurisdiction to define the public employer in this case to include all of the member school districts of SAU #21. For this reason, it says it is not now estopped from litigating its claim that the PELRB did not have the power to order it to bargain with SESPA.

 It is apparent that SAU #21 has attempted to clothe in the garb of a jurisdictional argument the legal issue of whether the PELRB may order the member districts of the administrative unit

in this case to combine as one public employer for the purposes of collective bargaining. The PELRB has broad subject matter jurisdiction to determine and certify bargaining units and to enforce the provisions of the Public Employee Labor Relations Act. *See Appeal of University System of N.H.*, 120 N.H. 853, 854, 424 A.2d 194, 195 (1980); *N.H. Dept. of Rev. Admin. v. PELRB*, 117 N.H. 976, 978, 380 A.2d 1085, 1086 (1977). SAU #21 may not make an end run around the power of the PELRB, or the process established to challenge the decisions of that board, by now claiming that the PELRB lacked jurisdiction to define the public employer in this case. Whether the PELRB was wrong as a matter of law when it defined SAU #21 as the public employer is not a jurisdictional issue still subject to review. Rather, it is an issue of law which should have been raised at the certification proceeding; when it was not raised at that time, or by the appellate procedure established in RSA chapter 541, the issue was waived.

This court has approved of rules and procedures promulgated by the PELRB designed to promote prompt resolution of disputes concerning representation elections. *State Employees' Ass'n v. N.H. PELRB*, 118 N.H. 896, 897, 396 A.2d 1098, 1099 (1978). This is in keeping with the legislative intent in enacting the public sector bargaining law to promote stability in labor relations. "Certainty and finality in the election result proclaimed by the PELRB are *necessary* to insure that end." *Id.* (emphasis added). Thus, this court has expressly condemned collateral attacks upon PELRB election orders such as the ones in dispute here. *State Employees' Ass'n v. N.H. PELRB, supra* at 897, 396 A.2d at 1099 (citing *NLRB v. Reliance Steel Products Co.*, 322 F.2d 49 (5th Cir. 1963)).

■ SAU #21's refusal to bargain with SESPA constitutes a collateral attack upon the PELRB's order. The PELRB certified SESPA as the exclusive bargaining representative of support staff within SAU #21. That certification included an order requiring SAU #21 to bargain in good faith. No appeal was taken pursuant to RSA chapter 541 from that order, and accordingly SAU #21 is now bound by that order. RSA 541:4. The public employer's subsequent refusal to bargain with SESPA is simply not the proper vehicle for an appeal from a bargaining unit determination. Such an appeal properly lies from the PELRB's order of certification, not from an unfair labor practice order. Thus, SAU #21 will not be permitted to relitigate the appropriateness of the bargaining unit.

*Affirmed.*

All concurred.