Public Employee Labor Relations Board
No. 89-489

APPEAL OF THE BOW SCHOOL DISTRICT
(New Hampshire Public Employee Labor Relations Board)

March 22, 1991

*Law Offices of Alan Hall P.A.*, of Concord (*Alan Hall* on the brief and orally), and *Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Robert E. Murphy, Jr.*, and *Kathleen C. Peahl* also on the brief), for the appellant, Bow School District.

*James F. Allmendinger*, staff attorney, NEA-New Hampshire, of Concord, by brief and orally, for the respondent, Bow Education Association.

*Barbara Ward*, of Bow, by brief for New Hampshire School Nurses' Association, as *amicus curiae*.

HORTON J. In this appeal, the Bow School District (the "district") challenges a ruling of the New Hampshire Public Employee Labor Relations Board (the "PELRB") granting the petition of the Bow Education Association, NEA–NH (the "association") to modify the Bow teachers' bargaining unit to include the position of school nurse. For the reasons that follow, we affirm the decision of the PELRB.

The original Bow teachers' bargaining unit certified in 1976 consisted of "[a]ll full-time and half-time teachers . . . including Art, Music, Physical Education, Resource Center Coordinator, Guidance Counselor, [and] Educational Health Specialist." During negotiations for a new collective bargaining agreement in 1981 to supersede the original agreement, the association proposed to include school nurses in the unit. The parties, however, negotiated instead a change in the language of the recognition clause, stating that the unit would include only "full-time and half-time teachers . . . including art, music, physical education, media generalist, guidance counselor, speech therapist, [and] health educator employed in that capacity." Again unable to resolve their differences on the issue of including the school nurse, the parties in 1982 signed a "sidebar" agreement not to seek modification of the bargaining unit, and they renewed this agreement each year until it was allowed to expire at the end of the 1987 school year on June 30, 1988.

On October 7, 1988, the association filed a modification petition with the PELRB seeking to add the position of school nurse to the bargaining unit. In its petition, the association asserted that the bargaining unit should be modified because the Bow Elementary School nurse was actively engaged in teaching and that the sidebar agreement preventing modification of the unit had expired. The term of the collective bargaining agreement between the school district and the association did not end, however, until June 30, 1989; a subsequently negotiated collective bargaining agreement, running from July 1, 1989, through June 30, 1992, did not include the school nurse in the bargaining unit. The district submitted exceptions and a motion to dismiss in opposition to the association's petition, arguing that there was no change in circumstances necessitating the inclusion of the school nurse in the bargaining unit, that there was no community of interest between the school nurse and the present members of the bargaining unit, and that granting the requested modification would alter the terms of an existing collective bargaining agreement. Following an April 18, 1989 hearing, the PELRB granted the association's petition, modifying the teachers' bargaining unit to include "[a]ll full-time and half-time teachers . . . including art, music, physical education, media generalist, guidance counselor, speech therapist, health educator and nurse employed in that capacity." The school district's motion for rehearing, arguing, *inter alia*, that the PELRB's decision was inconsistent with its own precedents, was denied.

On appeal, the school district objects to the modification as a significant and unexplained departure from previous PELRB decisions and asks us to formulate a rule of law allowing school nurses to be included in teachers' bargaining units only if they are actively engaged in teaching in a classroom setting. It further argues that the PELRB failed to support its determinations that the changed circumstances recommended by PELRB Rule 302.05, and the community of interest between the nurses and the other members of the teachers' bargaining unit which the PELRB is directed to consider under RSA 273-A:8, I, exist.

██ ██ The district requests a rule of law to bring uniformity to this area: specifically, a requirement that school nurses may only be included in the teachers' bargaining unit when they are actively engaged in teaching. However, we are unpersuaded that the inconsistencies alleged by the district represent anything more than the PELRB's properly exercising its responsibility to determine the appropriate composition of bargaining units, and we find no compelling reason to limit that discretion with a fixed rule. In *Appeal of the University System of New Hampshire*, 131 N.H. 368, 553 A.2d 770 (1988), we held that the PELRB has the discretion to redetermine the composition of bargaining units. *Id.* at 374, 553 A.2d at 774; *see also Appeal of SAU #21*, 126 N.H. 95, 97, 489 A.2d 112, 113 (1985) (the PELRB has broad subject matter jurisdiction to determine and certify bargaining units and to enforce the provisions of the Public Employee Labor Relations Act); *Appeal of the University System of N.H.*, 120 N.H. 853, 854, 424 A.2d 194, 195 (1980) (the legislature has vested the PELRB with primary authority to determine appropriate bargaining units). Although the decisions of the PELRB are subject to our review, we accord substantial deference to its findings of fact in collective bargaining matters, deeming them presumptively lawful and reasonable, and placing on the appealing party the burden of proving that the PELRB's determination was unreasonable or unjust. *Appeal of University System of N.H.*, 131 N.H. at 370, 553 A.2d at 772; *Appeal of University System*, 120 N.H. at 854, 424 A.2d at 195–96. Recognizing the PELRB's expertise in this area, we have adhered to a policy of reversing its decision only when we find it has grossly abused its discretion in making a bargaining unit redetermination. *See Appeal of White Mts. Regional School Bd.*, 125 N.H. 790, 794, 485 A.2d 1042, 1046 (1984). If the PELRB's decision represents a reasonable interpretation of RSA 273-A:8, I, and a reasonable application of that statute to the facts of the case, and if it is

supported by evidence in the record, we will uphold it. *University System v. State*, 117 N.H. 96, 100–01, 369 A.2d 1139, 1141 (1977).

In support of its request that this court impose upon the PELRB a requirement that only school nurses actively engaged in classroom teaching be included in the teachers' bargaining unit, the district cites several PELRB decisions where classroom teaching duties were a factor in the PELRB's decision whether to include a school nurse position in a teachers' bargaining unit. Among these decisions are: *Gorham Teachers Association/NEA–NH v. Gorham School District*, PELRB Decision No. 89-72 (October 19, 1989) (school nurse occasionally taught health subjects in the classroom without supervision by a certified teacher); *New Boston Education Association, NEA–NH v. New Boston School Board*, PELRB Decision No. 89-60 (September 20, 1989) (school nurse could be included in a bargaining unit where she taught health education courses without the constant supervision of a certified teacher); *Weare Teachers Association, NEA–NH v. Weare School Board*, PELRB Decision No. 87-38 (July 6, 1987) (school nurse who spent fifteen percent of her time in classroom activities included in teachers' bargaining unit); *Hanover Education Association v. Hanover School District SAU #22*, PELRB Decision No. 87-21 (March 12, 1987) (school nurse did not have a primarily educational or teaching mission); *Bedford Teachers Association, NEA–NH v. Bedford School District*, PELRB Decision No. 83-51 (November 7, 1983) (school nurse sufficiently different from teachers with respect to primary responsibilities). The *amicus* urges that the Bow Elementary School nurse would nonetheless be included under this proposed rule because the position possesses an integral teaching component and because several other employees included within the teachers' bargaining unit, such as the speech therapist and the guidance counselor, conduct their "teaching" duties on a one-to-one basis analogous to the interaction between the school nurse and individual students in the school health office. The district argues, however, that the record clearly demonstrates that the school nurse in this case acts principally as a consultant to the regular teachers, and another position in the Bow School District, the health educator, assumes most of the classroom health instruction responsibilities. Under the district's proposed rule, then, the school nurse would be excluded from the teachers' bargaining unit.

In its brief, the association cites several cases where a teaching component of the position proposed to be included in the teachers' bargaining unit was not an essential finding in the decision to allow or disallow a particular bargaining unit composition: *Sanborn Re-*

*gional Education Association, NEA–NH v. Sanborn Regional School District S.A.U. #6*, PELRB Decision No. 86-05 (January 16, 1986); *Unity Education Association, NEA–NH v. Unity School District*, PELRB Decision No. 83-55 (November 15, 1983); *Mascenic Education Association, NEA–NH v. Mascenic Regional School District, SAU #63*, PELRB Decision No. 83-13 (May 3, 1983); *Newfound Area Teachers Association v. Newfound Area School District*, PELRB Decision No. 82-34 (June 1, 1982); *Newport Education Association, NEA–NH v. Newport School Board*, PELRB Decision No. 81-06 (March 26, 1981); *Hillsboro-Deering Federation of Teachers, NHT–AFT, Local #2348, AFL–CIO v. Hillsboro-Deering School District*, PELRB Decision No. 81-16 (June 15, 1981); *Raymond Teachers Organization, NEA–NH*, PELRB Case No. T-0252 (May 26, 1976). From this, the association argues that PELRB decisions on this issue are entirely without consistency. It asks us to fashion a rule that would presumptively place all school professional staff, including nurses and teachers, in a single bargaining unit.

■■ We reject both proposed rules of law, observing that, in discharging its duties under RSA 273-A:8, I, to "determine the appropriate bargaining unit," the PELRB must have the discretion in each case to survey several factors in determining whether a particular school nurse position is appropriately included in the teachers' bargaining unit. The PELRB has made it clear in previous decisions that its determination does not rest on the predominance of any one factor. For example, in *Hinsdale Federation of Teachers, Local #4255, AFT–HFT v. Hinsdale School District, SAU #38* PELRB Decision No. 85-69 (September 12, 1985), *appeal dismissed as moot, Appeal of Hinsdale School District*, No. 85-495 (September 11, 1986), although the PELRB noted the teaching duties of the school nurses in its decision to include them in the teachers' bargaining unit, it further stated that it "must consider factors other than teaching classes of students," because concentrating on this one factor "would suggest that only employees doing the same job or having the same title would have a community of interest." This is consistent with our analysis in *Appeal of University System of N.H.*, 131 N.H. at 371, 553 A.2d at 772, where we outlined a number of factors, suggested by statute and rule, that would be appropriate for the determination of community of interest. We emphasized, following the analysis, the holding in earlier cases that "[t]he principal consideration in determining an appropriate bargaining unit is whether there exists a community of interest 'in working conditions such that it is

reasonable for the employees to negotiate jointly.'" *Id.* (quoting *Appeal of University System of N.H.*, 120 N.H. 853, 855, 424 A.2d 194, 196 (1980), itself quoting *University System v. State*, 117 N.H. 96, 100, 369 A.2d 1139, 1140 (1977)).

Further challenging the reasonableness of the PELRB's decision, the district points out that the PELRB previously found a school nurse in Goffstown, a town in the same school administrative unit as the town of Bow, to be appropriately within the support staff bargaining unit, rather than the teachers' bargaining unit. The district contends that this prior decision establishes the unreasonableness of the ruling now before us on appeal, because, it argues, identical positions bearing the same job title, in the same school administrative unit, must necessarily have the same basic community of interest and should be in the same type of bargaining unit.

 This argument disparages the PELRB's statutory responsibility under RSA 273-A:8, I. Absent a clear error of law, it is not the province of this court to impose mechanical rules on the PELRB for making bargaining unit determinations. *See* RSA 541:13; *Appeal of University System of N.H.*, 131 N.H. at 374, 553 A.2d at 774 (statutory and regulatory framework guiding PELRB decisions is flexible, and gives much discretion to PELRB's expertise). Further, as the testimony before the PELRB indicated, within the Bow School District the position of the school nurse is substantially similar to the position of health educator, a job title already included in the teachers' bargaining unit. It is possible that within a school administrative unit the position entitled "school nurse" could vary considerably from town to town and could reasonably be placed in different types of bargaining units. It is no less reasonable, however, that, within a school district, two positions involving such similar qualifications and duties as are involved here with the Bow School District's positions of school nurse and health educator should belong in the same bargaining unit.

Nonetheless, in acting under RSA 273-A:8, I, the PELRB is required to take into account the principle of community of interest as evidenced by such criteria as similarity in conditions of employment and profession, a history of workable and acceptable collective negotiations, and identity of organizational units. The PELRB itself has further refined these factors in PELRB Rule 302.02 under which it may consider as evidence of community of interest "the geographic location of the proposed unit, the presence or absence of common work rules and personnel practices, common salary and fringe bene-

fit structures, the self-felt community of interest among employees, and the potential for a division of loyalties between the public employer and the employee's exclusive representative." The duty of the PELRB is to determine practical, appropriate and effective bargaining units. The community of interest which employees in the same bargaining unit must share is a common interest in their labor relations.

Because established expectations in collective bargaining should not be casually altered, *see, e.g., Sullivan County Nursing Home v. American Federation of State, County and Municipal Employees, Council No. 93,* PELRB Decision No. 88-03 (January 29, 1988), the PELRB has indicated in its Rule 302.05 that it may refuse to grant a petition to modify if "the petition attempts to modify the composition of a bargaining unit negotiated by the parties and the circumstances alleged to have changed, actually [changed] prior to negotiations on the collective bargaining agreement presently in force." We note, however, that the language of this rule continues to reserve discretion in the PELRB to modify a bargaining unit to ensure that it is "*the* appropriate bargaining unit" required by RSA 273-A:8, I (emphasis added).

Although we recognize that the PELRB is owed substantial deference in its determination of the appropriate bargaining unit, we will still reverse its decision if the record fails to support findings necessary to the determinations. "[I]t is not the function of this court to engage in a *de novo* review of the evidence" in PELRB determinations, *Appeal of Town of Pelham,* 124 N.H. 131, 135, 469 A.2d 1295, 1297 (1983) (citing *Keene State College Educ. Ass'n v. State,* 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979)), but we have consistently required record support for its decisions, *see University System v. State,* 117 N.H. at 100, 369 A.2d at 1141. The PELRB's decision in this case includes findings as to both community of interest and changed circumstances. There was an adequate factual foundation in the record with respect to both of these findings.

■ The principal consideration in determining the appropriateness of a bargaining unit is "whether there exists a community of interest 'in working conditions such that it is reasonable for the employees to negotiate jointly.'" *Appeal of the University System of N.H.,* 120 N.H. at 855, 424 A.2d at 196 (quoting *University System v. State, supra* at 99–100, 369 A.2d at 1140). At the hearing before the PELRB, the testimony revealed that the Bow Elementary School nurse works the same hours and annual schedule as the teachers, has

similar benefits, has a salary linked to the teachers' salary scale, is a certified professional employee under the supervision of the school principal, and has daily contact with parents, teachers and children. Further, there was testimony that the school nurse and the teachers at Bow Elementary School shared a substantial self-felt community of interest. The PELRB noted all of this testimony in its decision and sufficiently evaluated the major differences between the school nurse and teacher positions. Given the evidence, the PELRB made a reasonable decision, with adequate support in the record, that the Bow Elementary School nurse and the bargaining unit teachers share a community of interest in their labor relations.

 Respecting change in circumstances, the PELRB also heard testimony that the school nurse position became full-time in March of 1987, following which the sidebar agreement preventing modifications in the teachers' bargaining unit was allowed to lapse. In its decision, the PELRB found that there had been a consistent effort to include the previously part-time school nurse in the teachers' bargaining unit and that the sidebar agreement referred only to part-time school nurses. The district contests this finding, arguing that neither the expiration of the sidebar agreement, nor the augmented work schedule of the school nurse, constitutes a change in circumstances sufficient to permit modification of the bargaining unit. We observe that the PELRB has previously allowed school nurses to be included in teachers' bargaining units when their duties have changed since the bargaining unit was first certified. *See, e.g., Pelham Educational Association, NEA–NH v. Pelham School Board,* PELRB Decision No. 90-17 (February 9, 1990) (school nurse's duties changed significantly); *Nashua Teachers Union, Local #1044, AFL–CIO v. City of Nashua School District,* PELRB Decision No. 90-21 (March 21, 1990) (following revision in their positions, PELRB approved a separate bargaining unit for school nurses or, in the alternative, would approve their inclusion in the teachers' bargaining unit, where it was shown that the nurses had assumed educational responsibilities previously undertaken by the teachers). An increase in working hours, reflecting the need for more daily contact with students, teachers and parents, could constitute a change in circumstances sufficient to permit a school nurse to be included in the teachers' bargaining unit because the PELRB could reasonably determine that it intensified the community of interest between the school nurses and the teachers. Further, PELRB Rule 302.05(a) does not mandate a finding of changed circumstances be-

fore granting a petition to modify, but leaves the PELRB discretion in deciding whether or not to grant such petitions.

Reviewing the decision and the record in this case, we conclude that the PELRB acted reasonably and within its discretion in granting the petition to modify so as to include the school nurse in the teachers' bargaining unit.

*Affirmed.*

All concurred.