Public Employee Labor Relations Board
No. 7739

## NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION

### v.

## PUBLIC EMPLOYEE LABOR RELATIONS BOARD
### &
## THE STATE EMPLOYEES ASSOCIATION OF NEW HAMPSHIRE, INC.

December 2, 1977

*David H. Souter,* attorney general, and *Wilbur A. Glahn III,* assistant attorney general (*Mr. Glahn* orally), for the state.

*Cleveland, Waters & Bass,* of Concord (*Mr. Howard J. Zibel* orally), for the State Employees Association.

*Sheehan, Phinney, Bass & Green,* of Manchester (*Mr. Bradford E. Cook* orally), for the Public Employee Labor Relations Board.

DOUGLAS, J.  This is an appeal from the Public Employee Labor Relations Board's (PELRB) certification of a bargaining unit within the department of revenue administration under RSA ch. 273-A (Supp. 1975). After an extended course of negotiations between the department and the State Employees' Association (SEA), which sought the certification, the board unanimously included within the unit eleven employees that the department sought to exclude—six as supervisory personnel, RSA 273-A:8 II (Supp. 1975), and five as confidential employees. RSA 273-A:1 IX(c) (Supp. 1975). In its appeal, the department named both the SEA and the board as appellees. The department contends *inter alia* that the board committed errors of fact and law in deciding that the eleven employees were neither confidential nor supervisory. It disagrees with the board for failing to compile an adequate record for review and at very least requests a remand for that purpose.

■■  "In reviewing a decision of [an administrative agency], a court must consider both the facts found and the application of the relevant statute by the agency." *E. I. du Pont de Nemours & Co. v. Collins,* 432 U.S. 46, 54 (1977). Administrative interpretation of a statute is entitled to deference, but is not ordinarily controlling. *Batterton v. Francis,* 432 U.S. 416, 424 (1977); *E. I. du Pont de Nemours & Co. v. Collins,* 432 U.S. at 54–55. However, when the legislature has entrusted the administrative agency with the primary authority for interpreting the statute, such interpretation

may have persuasive effect. *Batterton v. Francis,* 432 U.S. at 425; *see General Elec. Co. v. Gilbert,* 429 U.S. 125, 141 (1976).

We believe that the legislature intended to vest the board with primary authority to define the terms "supervisory" and "confidential" as used in RSA ch. 273-A (Supp. 1975). Those terms are employed in the statute without any elaboration. In contrast, the National Labor Relations Act is quite explicit in defining "supervisor." 29 U.S.C.A. § 152(11) (1973). Considering the importance of this act and its long history, the General Court was certainly aware of its existence and could have relied upon it to delineate the term in the state law. That the legislature chose to ignore the convenient definition, or create its own, is significant. *Cf.* RSA 273-A:1, 13 (Supp. 1975) (definitions of other terms used in chapter 273-A). Furthermore, as the SEA argues, we implicitly recognized the board's authority to define "supervisor" in *University System v. State,* 117 N.H. 96, 369 A.2d 1139 (1977). In that case, we upheld the board's exclusion of personnel from that category who would have qualified as supervisors under the NLRA. Since there is no other definition available in the statute or its legislative history, the logical body to develop the meaning of ambiguous terms is the one to which the legislature committed the administration of the statute, the PELRB. Thus, we believe that the board's determination that the eleven disputed employees were not excluded as supervisory or confidential would be upheld unless it constitutes a gross abuse of discretion.

However, we are not able to affirm the board's order in this case. Even though our review is limited, we require that the administrative agency develop a record for its decision. *Foote v. State Personnel Comm'n,* 116 N.H. 145, 148, 355 A.2d 412, 414 (1976); *Society for Protection of N.H. Forests v. Site Evaluation Comm'n,* 115 N.H. 163, 172–74, 337 A.2d 778, 786–87 (1975). The board has failed to disclose which standard from among many suggested it is using to determine whether these employees are excluded. Nor has it made findings of basic fact regarding the application of that standard. *Scarborough v. Arnold,* 117 N.H. 803, 379 A.2d 790 (1977). The department argues that this failure justifies a remand; the SEA rejoins that the facts here are relatively simple, *see Foote v. State Personnel Comm'n,* 115 N.H. at 148, 355 A.2d at 414, and that the case can be decided on the transcript below and the briefs.

It also contends that as the department had within its control the knowledge of the employees' functions, it had the burden of going forward with the evidence to justify exclusion from the bargaining unit. *See* K. Davis, Administrative Law Text § 14.12 (3d ed. 1972). Whether either of the SEA's arguments would justify reviewing this case without a record, especially considering the board's function as primary interpreter of this law, need not be considered because we must remand this case for other reasons.

■■ The statute provides that any aggrieved party may appeal any final order of the board. RSA 273-A: 14 (Supp. 1975). The scheme of elections prescribed in RSA 273-A: 8, : 10 (Supp. 1975) indicates that certification of a bargaining unit is not such a final order. After certification, an election must be promptly held. Only after the results of that election are definite may the board certify the unit as exclusive representative of the employees. RSA 273-A: 10 V (Supp. 1975). Although there is no legislative history on the meaning of "final order," we believe that final certification of representative capacity is the proper order to appeal. Until that time, no one's legal rights have been affected. This case offers an excellent example. Although the unit had been certified on November 4, 1976, no election had been held by September 15, 1977, when this case was submitted. If, before this court had decided this case, an election excluding the disputed employees had resulted in a margin of defeat for the SEA greater than could be overcome by their votes, no union would have been chosen and this case would be moot. Only if those votes affect the result or if SEA's margin of victory is absolute will there then be a legal dispute over how many employees SEA represents. Reviewing matters on which this court's opinion might merely be advisory when such review is available subsequently is a waste of scarce judicial resources, which are being increasingly overburdened by increasing caseloads. *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977). We do not believe that the General Court has authorized review in this case at this time. *Cf. A.F. of L. v. Labor Board*, 308 U.S. 401 (1940), *interpreting* 29 U.S.C.A. § 159 (b)–(c) (1), (d), 160 (f) (1973) (review of final orders of NLRB and elections under NLRA).

Since oral argument an election has been held, but without the votes of the disputed employees, the result remains uncertain. On remand, it is open to the board to develop basic findings of fact regarding the status of the disputed employees. The votes of those

whom it decides are included in the bargaining unit are to be tallied. If the final result mandates certification of a bargaining representative, it will be time to consider the merits and other procedural issues on appeal from that order.

*Remanded.*

LAMPRON, J., did not participate in this decision; the others concurred.