Public Employee Labor Relations Board
No. 7878

# Keene State College Education Association, NHEA/NEA

## v.

## The State Of New Hampshire

### And

## Public Employee Labor Relations Board

January 12, 1979

*McLane, Graf, Greene, Raulerson & Middleton*, of **Manchester** (*Jack B. Middleton* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester, and *Morgan, Brown, Kearns & Joy*, of Boston, Massachusetts (*Nicholas DeGiovanni, Jr.* orally), for the defendants.

BROCK, J. ▉ This is an appeal by the Keene State College Education Association (the Association) from a ruling of the Public Employee Labor Relations Board (PELRB) that certain lecturers are excluded from the bargaining unit of full-time faculty at Keene State College. Our previous decision in this dispute reviewed the PELRB's determination that the full-time faculty at Keene State College constituted a bargaining unit under RSA 273-A:8. *University System v. State*, 117 N.H. 96, 369 A.2d 1139 (1977). Thereafter, on April 26 and 27, 1977, representative elections were held pursuant to RSA 273-A:10, to determine whether the faculty at Keene State College wished to be represented in collective bargaining by an employee organization. Voters could select representation by one of three employee organizations listed on the ballot, or could vote for "no representative." None of the four choices gained a majority of votes. At a run-off election held on October 29, 1977, the plaintiff Association received sixty-two votes and "no representative" received sixty votes. The University challenged fourteen ballots cast by lecturers. Because these challenged votes will affect the outcome of the election, the PELRB's order not to count them is an appealable "final order" under RSA 273-A:14. *N.H. Dep't of Revenue Ad. v. PELRB*, 117 N.H. 976, 979, 380 A.2d 1085, 1087 (1977).

In its decision on May 6, 1977, reaffirmed on July 11, 1977, the PELRB found first, that full-time lecturers are "temporary" employees under RSA 273-A:1 IX(d), and therefore "must be excluded from the unit of full-time faculty" because they are not covered by the statute; and second, that even if they are not temporary, the lecturers do not share a sufficient community of interest with other full-time faculty under RSA 273-A:8 and therefore do not belong in the same bargaining unit. We affirm the board's decision.

■ ■ The legislature has vested the PELRB with authority to initially define the terms of RSA 273-A:1, and the board's determinations are persuasive although not controlling. *SEA v. PELRB*, 118 N.H. 885, 397 A.2d 1035 (1978); *State Employees' Ass'n v. Board of Trustees*, 118 N.H. 466, 388 A.2d 203 (1978); *N.H. Dep't of Revenue Ad. v. PELRB*, 117 N.H. 976, 380 A.2d 1085, 1086 (1977). All findings of the PELRB, upon all questions of fact properly before it will be considered prima facie lawful and reasonable, and the burden is on the appealing party to show by a clear preponderance of the evidence that the PELRB's determination is unjust or unreasonable. *University System v. State*, 117 N.H. at 99, 369 A.2d at 1140 (1977); *Hampton Nat'l Bank v. State*, 114 N.H. 38, 314 A.2d 668 (1974).

The PELRB's ruling that lecturers are "temporary" employees was grounded on extensive factual investigation. The board used a standard for distinguishing "temporary" from "permanent" status based upon whether the employees have a "reasonable expectation" of continued employment. This test is one which has been applied by the National Labor Relations Board and constitutes a fair interpretation of the statute. *E.g.*, *Goddard College*, 216 NLRB 457, 458 (1975).

■ On the basis of testimony from the University System Personnel Office and from a number of individual lecturers, the PELRB made findings that lecturers are hired for fixed terms of no more than one year, with "no guarantee, right, or expectation of renewal." While there was conflicting testimony as to the individual expectations of some lecturers, particularly those who have been employed for more than one year, it is not the function of this court to engage in a de novo review of the evidence.

■ The PELRB's conclusion that lecturers are "temporary" employees not covered by RSA ch. 273-A is a factual finding adequately supported by the record and constitutes a reasonable interpretation of the statute. We hold that the plaintiff Association has not met the burden of proof required by RSA 541:13 to set aside the PELRB's decision.

Since we uphold the board's ruling that lecturers are not covered by the collective bargaining statute, we need not consider whether they belong in the same bargaining unit as other faculty.

*Appeal dismissed.*

All concurred.