PELRB
No. 78-132

### *In re* NASHUA ASSOCIATION OF SCHOOL PRINCIPALS

February 28, 1979

*H. Philip Howorth*, of Nashua, by brief and orally, for the city of Nashua.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Gregory D. Prymak* orally), for the Nashua Association of School Principals.

BROCK, J.   This appeal from a final order and ruling of the New Hampshire Public Employee Labor Relations Board (PELRB) once again raises the issue of which public employees are in a "confidential relationship" with their employer and as such are excluded from the statutory collective bargaining procedure. RSA 273-A:1 IX(c); *see N.H. Dep't of Revenue Admin. v. PELRB*, 117 N.H. 976, 380 A.2d 1085 (1977); *Univ. System v. State*, 117 N.H. 96, 369 A.2d 1139 (1977).

On May 22, 1978, the PELRB certified the Nashua Association of School Principals (the Association) as the collective bargaining representative of certain principals and assistant principals in the Nashua school system. The city of Nashua asserts that these employees have duties implying a confidential relationship to their employer and are therefore not covered by the collective bargaining statute. We affirm the PELRB's decision.

In April 1977, the Association, on behalf of all twenty-seven elementary and secondary school principals, associate principals, and assistant principals in Nashua School District No. 2, petitioned the PELRB for formal certification as a professional bargaining unit under RSA ch. 273-A. The city objected to the petition, claiming that all of these employees were in a confidential relationship with their employer, and further that the six secondary school principals and associate principals were supervisory personnel who, in any event, should not be in the same bargaining unit as their subordinates. RSA 273-A:8 II. In light of the PELRB's decision, excluding these six persons from the bargaining unit, we need not consider the latter claim.

After a hearing, the PELRB issued its decision on September 26, 1977, establishing a bargaining unit of twenty-one persons, thirteen elementary school principals and eight secondary school assistant principals. Specifically excepted from the bargaining unit were the principal and two associate principals at Nashua Senior High School and the principals at the three junior high schools, whom the PELRB found to be in a confidential relationship with the school system management. After several rehearings, the PELRB issued an Order for Election and reaffirmed the composition of the bargaining unit. A representative election was held on April 17, 1978, at which twenty votes were cast, all in favor of the Association. The PELRB certified the Association as the bargaining agent for the twenty-one person bargaining unit. The city then renewed its motion for rehearing on the

issue now before this court. The PELRB denied the motion on May 22, 1978.

■ The legislature has vested the PELRB with primary authority to define the terms "supervisory" and "confidential" as used in RSA ch. 273-A. *N.H. Dep't of Revenue Admin. v. PELRB*, 117 N.H. at 978, 380 A.2d at 1086. The PELRB's determination will be upheld unless it constitutes a clear abuse of discretion. *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 396 A.2d 1099 (1979).

The PELRB has stated that the category of "confidential" employees is limited to

> . . . persons who formulate, determine and effectuate management policies in the field of labor and/or personnel relations. . . .
>
> one . . . whose functional responsibilities or knowledge in connection with the issues involved in the collective negotiations process, would make his membership in the [employee organization] incompatible with his official duties.

*Keene State College PAT Staff Assoc. v. Univ. of New Hampshire*, PELRB Decision No. 780007 (February 28, 1978). As we have noted previously, this definition is consistent with the one commonly used by the National Labor Relations Board and in other public employee statutes. *Univ. System v. State*, 117 N.H. at 101, 369 A.2d at 1141.

■ The city does not seriously challenge the PELRB's interpretation of the statute. The city contends, however, that the PELRB did not fairly apply its definition to the facts of this case. When we review the determination of an administrative agency, all findings of fact on questions properly before the agency are considered prima facie lawful and reasonable, and the burden is on the appealing party to show by a clear preponderance of the evidence that the agency's determinations are unjust or unreasonable. RSA 541:13; *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 396 A.2d 1099 (1979).

■ In its order of September 26, 1977, the PELRB made specific findings of fact concerning the principals' status and function. It found that the city had, for at least five years, engaged in informal negotiations with the principals' Association concerning wages and terms of employment, and that the principals had "no finality of decision input" in collective bargaining between the city and the organization that represented teachers in the Nashua school system. The PELRB found that while the principals "were privy to certain information concerning individuals they supervised," such information "was not of

such a nature as to preclude them from joining as a group . . . for the purpose of representation." Because there is substantial evidence in the record to support these findings, we will not disturb them.

The distinction drawn by the PELRB between the secondary school principals and associate principals and the remaining employees is similarly supported by the record. Determining where in the pyramid of administrative functions an employee becomes part of "management" is not a simple task. The choice made by the PELRB in this case is reasonable and is consistent with the statutory purpose of allowing public employees to organize and to be represented in collective bargaining.

*Appeal dismissed.*

All concurred.