Public Employee Labor Relations Board
No. 81-158

### APPEAL OF HUGH WATSON
### (New Hampshire Public Employee Labor Relations Board)

July 14, 1982

*Anne S. Richmond,* staff attorney for New Hampshire Education Association, by brief and orally, for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Jay C. Boynton* on the brief and orally), for the defendant.

DOUGLAS, J.   The core issue in this case is whether a school board which in the past has notified teachers who were not renominated or re-elected of the reasons for nonrenewal may unilaterally change that practice without bargaining.

The three school boards included in school administrative unit number 22 adopted a written policy on August 22, 1972, which clearly provided that any teacher, whether probationary or tenured, who was not renominated or re-elected was to be notified of the

reason or reasons in writing upon written request to the superintendent of the unit. From 1972 until 1980, all individual teacher contracts included the right to be given notice and reasons for termination. In 1980, the school boards deleted the clause from the new batch of contracts. Those contracts merely complied with the requirements of RSA 189:14-a (Supp. 1981). Although tenured teachers retained the right to request reasons for termination, *see* RSA 189:14-a (Supp. 1981), the school boards' action eliminated that right with respect to probationary teachers.

The Hanover, Orford, and Lyme Education Associations filed unfair labor practice complaints with the Public Employee Labor Relations Board (PELRB) against the defendant school boards for unilaterally deleting a clause which had been a part of the teaching contracts for eight years. The PELRB concluded that the altered contract language, involving methods of termination, was the proper subject of bargaining and that the defendant school boards had committed an unfair labor practice. RSA 273-A:5 I. When the boards failed to comply with the PELRB order to "return to the table and negotiate the language of the contract," the Superior Court (*Johnson*, J.) ordered the parties to negotiate. In July 1981, we stayed the PELRB's order pending this appeal.

The defendants argue that the Orford Teachers' Association waived its right to dispute elimination of the "reasons for termination" provision because that Association in 1981 agreed to contracts which are silent about the issue.

We disagree. The Orford Teachers' Association filed a complaint with the PELRB on June 28, 1980, approximately two months after the disputed clause was deleted: the association did not acquiesce in the school board's action. The teachers claim that they signed the contracts provided to them in 1981 only because they were threatened with loss of their jobs. They never abandoned their claims before the PELRB or this court and did not sign the 1981 contract willingly.

■■ On appeal, the school boards argue that the manner in which probationary teachers are terminated is nonbargainable because it falls within the "managerial policy" exception to RSA 273-A:1 XI. That statute excludes from negotiation "managerial policy within the exclusive prerogative of the public employer." *See Appeal of Keene State College Educ. Ass'n*, 120 N.H. 32, 35, 411 A.2d 156, 159 (1980). The only other matter excluded from negotiation is the "merit system" exception contained in RSA 273-A:3 III, which is inapplicable in this case. *See State Employees' Ass'n. v. N.H. PELRB*, 118 N.H. 885, 889–90, 397 A.2d 1035, 1038 (1978). This

court has repeatedly stated that the legislature has vested the PELRB with authority to define the terms of RSA ch. 273-A and with the discretion to interpret "managerial policy within the exclusive prerogative of the public employer." *Appeal of State Employees' Ass'n,* 120 N.H. 690, 694, 422 A.2d 1301, 1304 (1980); *Keene State College Educ. Ass'n v. State,* 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979); *State Employees' Ass'n v. N.H. PELRB,* 118 N.H. at 889, 397 A.2d at 1038; *State Empl. Ass'n v. Board of Trustees,* 118 N.H. 466, 467, 388 A.2d 203, 204 (1978). We will not disturb a PELRB decision construing the managerial policy exception unless we find an error of law or abuse of discretion. *Appeal of State Employees' Ass'n,* 120 N.H. at 694, 422 A.2d at 1304.

■■ Aside from the central issue of this case, that is, whether the defendants were obligated to bargain with the plaintiffs before altering their contracts, we note that nothing prevents collective bargaining agreements from providing probationary teachers with a statement of reasons for termination when their contracts are not renewed. We have, however, again affirmed our position that the legislature did not intend to provide probationary teachers with the same procedural protections as tenured teachers. *See Brown v. Bedford School Board,* 122 N.H. 627, 448 A.2d 1375 (1982).

■ RSA 273-A:1 XI provides that "terms and conditions of employment," meaning wages, hours, and "other conditions of employment" which do not involve managerial policy, are negotiable. The PELRB could reasonably have concluded that a contract provision requiring the employer to give reasons for termination related to the "terms and conditions" of employment since it addresses the process by which such employment could end. This is to be sharply contrasted with the "managerial policy" exception which excludes from negotiation "functions, programs and methods of the public employer, . . . the public employer's organizational structure, and the selection, direction and number of its personnel. . . ." RSA 273-A:1 XI. This excludes broad policy matters from negotiation. The statutory language alone leads us to conclude that the disputed termination clause is more akin to a "term" or "condition" of employment than to a managerial policy. *See State Employees Ass'n v. Board of Trustees,* 118 N.H. at 468, 388 A.2d at 204–05.

■ In addition, we have held that if a terminated teacher is to have "bumping rights" or other priority in filling vacancies, that matter may be governed by contract or collective bargaining agreements under RSA ch. 273-A. *Petition of Gorham School Board,* 121 N.H. 878, 881, 436 A.2d 74, 76 (1981). If "bumping rights" are

negotiable, certainly the right to be given reasons for termination is negotiable, since "bumping rights" will have a substantial impact on whom the school district employs, whereas the latter will not.

We reiterate that the PELRB has been "vested . . . with primary authority to define the terms of [RSA 273-A:1]." *State Empl. Ass'n v. Board of Trustees*, 118 N.H. at 467, 388 A.2d at 204. Its conclusion that the "method of termination of employees is a mandatory subject for negotiation, and is . . . a 'condition of employment' under RSA 273-A:1 XI" contains no error of law, is not unjust or unreasonable, and does not represent an abuse of discretion. *See Appeal of State Employees' Ass'n*, 120 N.H. at 694, 422 A.2d at 1304; *Appeal of Keene State College Education Ass'n*, 120 N.H. at 38, 411 A.2d at 161; *Keene State College Educ. Ass'n v. State*, 119 N.H. at 3, 396 A.2d at 1101; *University System v. State*, 117 N.H. 96, 99, 369 A.2d 1139, 1140 (1977).

The PELRB's decision that the clause of the contract pertaining to reasons for termination was not subject to the managerial policy exception and was a proper subject of negotiation is, accordingly,

*Affirmed.*

BROCK, J., did not sit; the others concurred.