Public Employee Labor Relations Board
No. 92-257

APPEAL OF EAST DERRY FIRE PRECINCT

(New Hampshire Public Employee Labor Relations Board)

September 16, 1993

*Soule, Leslie, Zelin, Sayward, & Loughman,* of Salem (*Robert P. Leslie* on the brief and orally), for the East Derry Fire Precinct.

*Cook & Molan, P.A.,* of Concord (*Glenn R. Milner* on the brief, and *Shawn J. Sullivan* orally), for the Professional Firefighters of East Derry, Local 3353, IAFF.

HORTON, J.   The East Derry Fire Precinct (precinct) appeals under RSA chapter 541 from a determination of the public employee labor relations board (PELRB) certifying a bargaining unit composed of East Derry firefighters and officers. We reverse.

In October 1991, Professional Firefighters of East Derry, Local 3353, IAFF (union) petitioned the PELRB with the objective of representing a bargaining unit of ten precinct employees. The unit was composed of three officers, one dispatcher, and six firefighters. The precinct objected to the petition on the basis that RSA 273-A:8, I, requires a minimum of ten employees to form a bargaining unit. The precinct contended that the officers, a captain and two lieutenants, were supervisory employees and should not be included in the bargaining unit. Without the officers, there were not enough employees to create a bargaining unit.

In March 1992, the PELRB determined that the officers lacked sufficient authority to act as supervisory personnel. The PELRB found:

> "2.  None of the petitioned-for positions has supervisory authority involving the significant exercise of discretion

over other employees in the petitioned-for bargaining unit such as to warrant exclusion under RSA 273-A:8. Fire officers, as well as any employee, may file a Significant Incident Report which may be positive or negative in nature. Captains and lieutenants have the responsibility for inspecting personnel and facilities, staffing levels, relieving unfit personnel in the absence of the chief, conducting roll call, and being responsible for a fire scene in the absence of a more senior officer. They may issue warnings to subordinate employees; however, they have no ultimate authority to hire, fire, impose discipline, promote or award raises.

. . . .

4. The captain and lieutenant positions are interchangeable (by function and stipulation) and act as lead officers or working foremen on shifts. They work with firefighters, handle lines, operate equipment, and report to the chief, an excluded position. . . . One of the elements of the lieutenant's job description requires lieutenants to 'perform all the functions of a firefighter' as well as permits the senior firefighter to serve as the officer in charge in the absence of a lieutenant or captain."

The PELRB certified the bargaining unit, concluding that it should include the officers. The precinct's request for a rehearing was denied, and the precinct appealed.

When reviewing a determination of the PELRB we give deference to its findings. The legislature

"vested the PELRB with authority to define the terms of RSA chapter 273-A and to fill in any gaps in the statute. Additionally, the PELRB has been given broad subject matter jurisdiction to determine and certify bargaining units to enforce the provisions of that chapter. Although the PELRB is subject to our review, its findings of fact in collective bargaining matters, though not controlling, are deemed *prima facie* lawful and reasonable."

*Appeal of University System of N.H.*, 131 N.H. 368, 370, 553 A.2d 770, 771–72 (1988) (citations omitted). As a result, the appealing party must demonstrate that the determination of the PELRB was "erroneous as a matter of law, unjust, or unreasonable." *Id.* at 370, 553 A.2d at 772.

The precinct contends that the PELRB erred by failing to follow the standards set out by this court in *University System*. We agree

and hold that the PELRB should have excluded the fire officers from the bargaining unit.

■■ In *University System*, this court reviewed the PELRB's certification of a bargaining unit of sixteen employees, consisting of twelve firefighters and four officers. As in the instant case, the PELRB determined that the officers were not sufficiently vested with supervisory authority to be excluded from the bargaining unit. *Id.* at 370, 553 A.2d at 771. RSA 273-A:8, II (1987) provides that "[p]ersons exercising supervisory authority involving the significant exercise of discretion may not belong to the same bargaining unit as the employees they supervise," thus avoiding "conflicts between the two groups because of the differing duties and relationships which characterize each group," *Appeal of Manchester Bd. of School Comm.*, 129 N.H. 151, 153, 523 A.2d 114, 115 (1987) (quotation omitted).

In *University System*, the PELRB found that

"[the officers] spend the majority of their time working alongside and performing the same duties as that of firefighters; they work under the same rules and departmental policy; and, although the [officers] do evaluate firefighters and recommend actions, their recommendations are not key to their adoption. . . .

[Additionally, the officers] have limited supervisory authority over firefighters involving significant discretion or independent judgment and that authority and supervision is not substantial enough to merit exclusion from the proposed unit."

*University System*, 131 N.H. at 375–76, 553 A.2d at 775. We held that the PELRB had incorrectly determined that the officers were not supervisory employees. We found three characteristics of the officers' jobs to be indicative of their supervisory authority: their authority to evaluate the firefighters, their limited supervisory role, and their disciplinary authority. *Id.* at 376, 553 A.2d at 775. The officers' evaluations were given weight in granting merit pay increases and were considered in terminating new employees. *Id.* at 376, 553 A.2d at 775. The officers' supervisory duties included assigning work, ensuring the shifts were fully staffed, and lacking a senior officer, taking command at the scene of a fire. *Id.* Their disciplinary authority included assessing the firefighters' fitness for duty and issuing warnings. *Id.* We noted that the "mere fact that [the officers] have such authority, regardless of whether it is presently exercised,

is sufficient for us to hold that they are supervisors under the statute." *Id.*

We cannot distinguish the instant case from *University System.* The officers' evaluations in the instant case, like those in *University System,* are given weight by the precinct in assessing the firefighters' performances. The purposes of these evaluations, like those in *University System,* include hiring and termination of firefighters. The officers' supervisory responsibilities in both cases are the same. In both cases, officers assign work, ensure full staffing on shifts, and, in the absence of a senior officer, take command at the scene of a fire. Additionally, the job description describing the officers' responsibilities states that each officer "[p]erforms mid-management functions," and "[s]upervises the actions of individuals under his command including field assistance, performance evaluation, and corrective actions when appropriate." The officers in the instant case, like those in *University System,* have disciplinary authority to assess the firefighters' fitness for duty, sending unfit firefighters home when appropriate.

The only differences between the officers' responsibilities in the two cases is that the officers in *University System* participated in joint interviews of prospective employees, and the officers in the instant case may not have the authority to issue warnings of the sort issued by the officers in *University System.* We do not believe these differences to be significant. We conclude that the officers in the instant case have sufficient authority for us to hold that they are supervisors under the statute. *See id.*

■ The union argues that a professional employee, directing other employees in accordance with professional norms, is not performing supervisory duties as defined in RSA chapter 273-A. The union contends that the precinct's standard operating procedures represent such norms and restrict the discretionary authority of the officers. We agree with the union that some employees performing supervisory functions in accordance with professional norms will not be vested with the "supervisory authority involving the significant exercise of discretion" described by RSA 273-A:8, II. We have already held, however, that fire officers with the same supervisory authority as the East Derry officers are supervisory employees. *See University System,* 131 N.H. at 376–77, 553 A.2d at 775.

We conclude that the PELRB erred by including the three officers in the bargaining unit. Because the proposed unit properly consisted

of fewer than ten employees, we reverse the PELRB's order certifying the bargaining unit. *See* RSA 273-A:8, I.

*Reversed.*

All concurred.