Public Employee Labor Relations Board
No. 97-334

APPEAL OF TOWN OF STRATHAM

(New Hampshire Public Employee Labor Relations Board)

December 13, 1999

*Soule, Leslie, Kidder, Zelin, Sayward & Loughman,* of Salem (*Robert P. Leslie* and *Michael S. Elwell* on the brief, and *Mr. Leslie* orally), for the petitioner, the Town of Stratham.

*Law Offices of Gabriel Dumont,* of Boston, Massachusetts (*John D. Burke* on the brief and orally), for the respondent, Teamsters Local 633 of New Hampshire.

HORTON, J. The petitioner, the Town of Stratham (town), appeals a decision of the New Hampshire Public Employee Labor Relations Board (board) certifying a bargaining unit consisting of fourteen employees of the town's police and highway departments. We reverse.

In March 1996, the respondent, Teamsters Local 633 of New Hampshire (union), filed a petition for certification of a fourteen-member bargaining unit, later amended to consist of one lieutenant, one sergeant, two corporals, two full-time patrol officers, four part-time patrol officers, one police department secretary, and three highway department personnel. Over the town's objection, a hearing officer certified the unit, excluding only the sergeant. The parties cross-appealed to the board. After a hearing, the board ruled in favor of the union and modified the bargaining unit to include the sergeant. The board denied the town's motion for rehearing, and this appeal followed.

The town argues that the following positions should have been excluded from the bargaining unit for the reasons noted: (1) the part-time officers are on-call employees; (2) the lieutenant and sergeant possess supervisory authority; (3) the highway department personnel lack community of interest with the police department employees; and (4) the police department secretary acts in a confidential capacity.

"To succeed on appeal, the town must show that the [board's] decision is unlawful or clearly unreasonable." *Appeal of Town of Newport*, 140 N.H. 343, 345, 666 A.2d 954, 956 (1995). We review for errors of law without deference to the board's rulings. *See Appeal of State of N.H.*, 138 N.H. 716, 720, 647 A.2d 1302, 1305 (1994). The board's findings of fact are presumptively lawful and reasonable, RSA 541:13 (1997), but we require that the record support the board's determinations, *Appeal of Town of Newport*, 140 N.H. at 345, 666 A.2d at 956-57.

The town first argues that the part-time patrolmen are on-call or irregular employees who may not be considered public employees. The board found that the part-time officers "have much in common with full-time . . . employees." It also found that they train with full-time officers at the Police Standards and Training Institute, fill open shifts like the full-time officers, and are sometimes recruited into full-time positions. The board concluded that the part-time officers are essential employees, rather than "on call" employees within the meaning of RSA 273-A:1, IX(d) (1999).

A "public employee" is "any person employed by a public employer except . . . [p]ersons in a probationary or temporary

status, or employed seasonally, irregularly or on call." RSA 273-A:1, IX(d). The statute does not define "irregularly" or "on call." We therefore look to the plain meaning of the terms. *See Appeal of Brown*, 143 N.H. 112, 119, 720 A.2d 66, 71 (1998). "Irregular" is defined as "lacking continuity or regularity of occurrence, activity, or function." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1196 (unabridged ed. 1961). "On call" means "ready to respond to a summons or command." *Id.* at 318.

Testimony revealed that part-time officers historically worked on a regular basis of at least one day a week and covered any overtime and vacant shifts. The number of full-time officers increased over the years, however, and by the time of the union's petition for a bargaining unit, all shifts were assigned to full-time officers. Any vacant shifts and overtime are now offered first to the full-time officers and then to the part-time officers.

Although the part-time officers work substantial hours and indeed may be essential to the functioning of the police department, the fact remains they work only when a shift opens because a full-time officer is unavailable and no other full-time officer chooses to work it. As the sergeant testified, "There is no set day for part-timers to work, it's usually an at will situation . . . . [I]n any given month, [there can be] as many as two openings, or . . . twenty openings." We conclude that the part-time officers are on-call employees who work on an irregular basis. The board therefore erred in including them in the bargaining unit.

The union argues that under *Keene State College Education Ass'n, NHEA/NEA v. State of New Hampshire*, 119 N.H. 1, 396 A.2d 1099 (1979), the part-time officers' "reasonable expectation of continued employment" is a relevant factor that can be considered by the board in determining that they are regular employees. *See Keene State*, 119 N.H. at 3, 396 A.2d at 1101. Keene State held that the board properly distinguished "temporary" from "permanent" employees "based upon whether the employees have a reasonable expectation of continued employment." *Id.* (quotation omitted). It did not address the nature of "irregular or on call" employees and, therefore, is inapposite to this case.

The town next contends that the board erred in including the lieutenant and sergeant in the bargaining unit because they exercise supervisory authority over other employees in the same bargaining unit.

RSA 273-A:8, II (1999) provides in part: "Persons exercising supervisory authority involving the significant exercise of discretion

may not belong to the same bargaining unit as the employees they supervise." Supervisory employees are separated from the employees they supervise "to avoid conflicts between the two groups because of the differing duties and relationships which characterize each group." *Appeal of University System of N.H.*, 131 N.H. 368, 375, 553 A.2d 770, 774 (1988) (quotations omitted).

With respect to the sergeant, the board found that he occupies the third position in the chain of command; he assigns shifts, including the use of part-time officers; he has the authority to discipline fellow employees in emergencies and otherwise to make disciplinary recommendations to the police chief; he performed evaluations after an extended absence of the chief; however, he performs patrol shifts like the other officers. Regarding the lieutenant, the board found that he is the second in command after the chief and accordingly took charge of the department during the chief's extended absence, but that otherwise he "does little supervising of personnel"; his primary role is department detective. Concluding that "[s]upervisory authority is concentrated in the Chief of Police," the board decided that both the sergeant and lieutenant are properly included in the bargaining unit.

 In determining whether an employee exercises supervisory authority sufficient to exclude the employee from a bargaining unit, we consider several factors, including the employee's authority to evaluate other employees, the employee's supervisory role, and the employee's disciplinary authority. *See Appeal of East Derry Fire Precinct*, 137 N.H. 607, 610, 631 A.2d 918, 920 (1993). Here, the sergeant possesses authority to evaluate the other officers as well as disciplinary authority to issue verbal or written warnings and make recommendations to the chief. He also oversees the patrol officers and performs the shift scheduling. The lieutenant, as the formal second in command, exercises the chief's authority when the chief is absent, and he may issue verbal or written disciplinary warnings at any time. The fact that the lieutenant has such authority, regardless of whether he presently exercises it, is sufficient to vest him with supervisory authority under the statute. *See Appeal of University System of N.H.*, 131 N.H. at 376, 553 A.2d at 775. The concurrent responsibility of the sergeant and lieutenant to perform the same duties as that of the other officers, under the same rules and departmental policy, does not diminish their supervisory authority. *Cf. id.* at 375-76, 553 A.2d at 775. Thus, the board erred in including them in the bargaining unit.

It is unnecessary for us to consider the town's arguments as to the remaining employees. Our having concluded that six of the fourteen

members of the certified bargaining unit were erroneously included, the remaining eight employees, even if properly included, would be insufficient in number to constitute a certifiable bargaining unit. *See* RSA 273-A:8, I.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.