Public Employee Labor Relations Board
No. 2000-222

APPEAL OF THE TOWN OF LITCHFIELD

(New Hampshire Public Employee Labor Relations Board)

Argued: May 22, 2001
Reargued: November 13, 2002
Opinion Issued: February 8, 2002

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*Robert R. Lucic* on the brief and orally), for the petitioner.

*Craig, Wenners, Craig & Capuchino, P.A.*, of Manchester (*Vincent A. Wenners, Jr.* and *Stephanie Stergiou Ferro* on the brief, and *Mr. Wenners* orally), for the respondent.

DUGGAN, J. The petitioner Town of Litchfield (town), appeals a decision of the public employee labor relations board (board) certifying a bargaining unit for certain employees of the town. The town argues that the board erred by including in the bargaining unit twenty-seven part-time firefighters and the deputy town clerk. The town further argues that if these employees are excluded from the bargaining unit, there will be an insufficient number of employees for certification of the bargaining unit pursuant to RSA 273-A:8, I (d) (1999). We affirm in part and reverse in part.

In September 1999, the respondent, AFSCME Council 93 (union), filed a petition to certify a bargaining unit of town employees in eleven job classifications. The town objected on the basis that: (1) the twenty-seven part-time firefighters must be excluded because they are on-call and, therefore, are not "public employees" within the meaning of RSA 273-A:1, IX (d) (1999); (2) the deputy town clerk is appointed and, therefore, excluded pursuant to RSA 273-A:1, IX (b), and additionally, because the removal of the deputy town clerk cannot be the subject of collective bargaining, no purpose is served by including the position in the bargaining unit; and (3) the remaining employees are fewer than the ten required for certification as a bargaining unit pursuant to RSA 273-A:8, I (d). The hearing officer disagreed with the town's objections and certified the bargaining unit. The board affirmed that decision and denied the town's motion for rehearing.

■ ■ "To succeed on appeal, the town must show that the [board's] decision is unlawful or clearly unreasonable." *Appeal of Town of Newport*, 140 N.H. 343, 345 (1995). If a party appeals a decision of the board to this court, we presume the board's findings of fact to be "lawful and reasonable." RSA 541:13 (1997). The ultimate issue of statutory eligibility to be a member of a bargaining unit, however, is an issue of law which is not subject to deferential review. *Appeal of State of N.H.*, 138 N.H. 716, 720 (1994).

■ On appeal, the town first argues that the part-time firefighters are not "public employees." RSA 273-A:8 authorizes the board to certify an appropriate bargaining unit when ten or more public employees file a

petition. A "public employee" is defined as "any person employed by a public employer except ... [p]ersons in a probationary or temporary status, or employed seasonally, irregularly or on call." RSA 273-A:1, IX (d).

Because RSA chapter 273-A (1999 & Supp. 2001) does not define "on call," we look to the plain meaning of the term. *See State v. Beckert*, 144 N.H. 315, 317 (1999). Recently, we explained that "on call" means "ready to respond to a summons or command." *Appeal of Town of Stratham*, 144 N.H. 429, 431 (1999). In *Town of Stratham*, we determined that the part-time police officers were on call employees because,

> although the part-time officers work substantial hours and indeed may be essential to the functioning of the police department, the fact remains they work only when a shift opens because a full-time officer is unavailable and no other full-time officer chooses to work it. As the sergeant testified, "There is no set day for part-timers to work, it's usually an at will situation ... in any given month, there can be as many as two openings, or ... twenty openings."

*Id.* at 431 (brackets omitted). Thus, although the part-time police officers shared much in common with the full-time police officers, we determined that the board erred in including them in the bargaining unit because they were on call employees who worked on an irregular basis.

Here, the board determined that the part-time firefighters are not on call employees because each part-time firefighter "generally works several hours each week responding to calls, training, covering for the two full time fire-fighters and attending meetings." The board also noted that "[b]oth full-time and part-time employees are necessary to the day to day functioning of the Department."

On appeal, the town contends that, like the police officers in *Town of Stratham*, the part-time firefighters are also on call employees in that they respond to a variable number of emergencies each week and, because most have other employment, they are not expected to respond to every emergency. In response, the union contends that this case differs from *Town of Stratham* because the part-time firefighters are required to attend regular training sessions and to respond to calls if they are available. The union's argument is unavailing, however, because the part-time officers in *Town of Stratham* also attended training sessions. *See id.* at 430-31. Also, nothing in the statute suggests that the term "on call" turns on whether an employee is required to respond to a call. *See* RSA 273-A:1, IX (d). Simply because there is an expectation that the firefighters will respond to calls with greater regularity than the police

officers in *Town of Stratham* does not change the outcome of our analysis. As such, we hold that the board erred in concluding that the part-time firefighters were not on call and in not excluding them from the definition of public employee.

■ The town next argues that the board erred by including the deputy town clerk/tax collector in the bargaining unit. RSA 273-A:1, IX (b) excludes from the definition of public employee "[p]ersons appointed to office by the chief executive ...." The town asserts that because the deputy town clerk is appointed by the town clerk, *see* RSA 41:18 (2001), the deputy town clerk is excluded from the bargaining unit.

We must first determine whether the deputy town clerk is appointed by the "chief executive ... of the public employer." The term "chief executive" is not defined in RSA chapter 273-A and again, we look to the plain meaning of the term. *See State v. Beckert*, 144 N.H. at 317. In *Appeal of Westwick*, 130 N.H. 618, 621 (1988), when deciding whether the plaintiff was the chief executive officer of an administrative agency, we noted that "chief" means "being accorded highest rank, office or rating ... or one who is put above the rest." (Quotations and brackets omitted.) Furthermore, we have interpreted this term to include high level positions such as city manager, university president, and mayor. *See American Federation of State &c. Employees v. Keene*, 108 N.H. 68, 70 (1967) (city manager); *State Employees' Ass'n v. Mills*, 115 N.H. 473, 475 (1975) (university president); *Kearns v. Nute*, 94 N.H. 217, 220 (1946) (mayor).

In appointing a deputy town clerk, the town clerk is not performing this function as the "chief executive." No statute or case law designates the town clerk as "chief executive." *See, e.g.*, RSA 45:7 (1991) (the mayor "shall be the chief executive officer of the city"). In addition, a town clerk lacks the level of responsibility of a mayor or other chief executive. Pursuant to RSA 45:8 (1991), the mayor "shall cause the laws and regulations of the city to be executed, and shall exercise a general supervision over the conduct of all subordinate officers." In comparison, the town clerk has a wide variety of administrative responsibilities. *See* RSA 41:19-:24 (1991 & Supp. 2001). These duties do not approximate those of a mayor or other chief executive. We therefore conclude that a town clerk is not a "chief executive" within RSA 273-A:1, IX (b).

■ The town additionally argues that because the deputy town clerk's job tenure is not subject to collective bargaining under RSA 273-A:1, XI, "there cannot be any purpose served by the position being contained in the bargaining unit." Pursuant to RSA 273-A:1, XI, the "[t]erms and

conditions of employment" are defined to exclude "conditions of employment . . . confided exclusively to the public employer by statute." RSA 41:45-c, I (1991) permits the removal of the deputy town clerk at the pleasure of the town clerk. Even assuming the deputy town clerk's tenure is "confided exclusively to the employer by statute" and cannot be the subject of collective bargaining, the deputy town clerk is not thereby excluded from the collective bargaining unit. Although the union may not represent the deputy town clerk regarding the termination of employment, the union may still represent the deputy town clerk regarding other terms and conditions of employment, such as wages and hours. Thus, the statutory definition of "terms and conditions of employment" does not control whether an employee may be included in the bargaining unit.

The final issue is whether the bargaining unit meets the statutory minimum requirement of ten or more employees pursuant to RSA 273-A:8, I. The town contends that the original request for a bargaining unit was for thirty-seven employees and that if the twenty-seven part-time firefighters and the deputy town clerk are excluded, the resulting unit is only nine employees, one short of the statutory minimum. Because we determine that the deputy town clerk should be included, we need not address this argument.

*Affirmed in part; reversed in part.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.