# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0229, <u>Appeal of Town of Loudon</u>, the court on March 17, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, the Town of Loudon, appeals an order of the New Hampshire Public Employee Labor Relations Board (PELRB) certifying a bargaining unit including 11 of the Town's police and fire employees. We reverse.

The following facts are derived from the PELRB's orders and the record, or are otherwise undisputed. On June 6, 2018, the respondent, the Teamsters Local 633 (Union), filed a petition for certification seeking to represent certain employees of the Town's police and fire departments. The Town objected to the petition on a number of grounds, and an adjudicatory hearing was held. Following the hearing, a hearing officer acting for the PELRB approved a bargaining unit including 11 employees: one police sergeant, one police corporal, four police patrol officers, three full-time firefighters, one part-time firefighter, and one fire department administrative assistant. The Town filed a motion for review, which the PELRB denied on February 12, 2019. The Town filed a motion for rehearing of the PELRB's February 12 order, which the PELRB also denied. This appeal followed.

On appeal, the Town argues that the PELRB erred in approving the bargaining unit because: (1) the police and fire employees lack a sufficient community of interest, <u>see</u> RSA 273-A:8, I (Supp. 2019); (2) the sergeant and corporal are employees "exercising supervisory authority involving the significant exercise of discretion," RSA 273-A:8, II (2010); (3) the administrative assistant is an employee "whose duties imply a confidential relationship" with the Town, RSA 273-A:1, IX(c) (2010); and (4) with the exclusion of some or all of the employees above, the proposed bargaining unit would include fewer than 10 employees. <u>See</u> RSA 273-A:8, I. In addition, the Town argues that the part-time firefighter must be excluded from the bargaining unit based upon a joint stipulation by the Town and Union, and an amended order for election and certification of representation issued by the PELRB. The Union does not dispute that the part-time firefighter should be excluded from the bargaining unit, nor does it dispute that it stipulated to the part-time firefighter's exclusion. However, the Union argues that all other aspects of the PELRB's decision should be affirmed.

Because the parties do not dispute that the part-time firefighter is excluded from the bargaining unit, we find that the part-time firefighter is excluded. In addition, we agree with the Town that the police sergeant and corporal must be excluded from the bargaining unit because they are supervisory employees. See RSA 273-A:8, II.

Our review of the PELRB's decision is governed by RSA chapter 541. See RSA 273-A:14 (2010). As the appealing party, the Town bears the burden of showing that the PELRB's decision is clearly unreasonable or unlawful. See RSA 541:13 (2007). The PELRB's findings of fact are deemed prima facie lawful and reasonable. See id. "We review the PELRB's rulings on issues of law de novo." Appeal of Hillsborough County Nursing Home, 166 N.H. 731, 733 (2014). We will not set aside the PELRB's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that such order is unjust or unreasonable. RSA 541:13.

RSA 273-A:8, II provides, in pertinent part: "Persons exercising supervisory authority involving the significant exercise of discretion may not belong to the same bargaining unit as the employees they supervise." In determining whether employees exercise supervisory authority involving the significant exercise of discretion, "we consider several factors: their authority to evaluate other employees; the nature of their supervisory role; and their disciplinary authority." Appeal of N.H. Retirement System, 167 N.H. 685, 691 (2015). In considering these factors, we look to the employee's job description, as well as his or her actual duties in practice. See id. at 691-92. The determination of whether an employee is a supervisory employee is "made on a case by case basis." Appeal of Town of Newport, 140 N.H. 343, 352 (1995). "[S]ome employees performing supervisory functions in accordance with professional norms will not be vested with the supervisory authority involving the significant exercise of discretion described by RSA 273-A:8, II." Id. (quotation omitted).

Here, the police sergeant and corporal job descriptions demonstrate that both positions carry authority in the areas of evaluation, supervision, and discipline. See N.H. Retirement System, 167 N.H. at 691. For example, the sergeant job description provides that the sergeant "[e]xercises supervision over assigned officers. Assists with training, instruction, and guidance to Department personnel and evaluates quality of work performed." (Emphases added.) The description further provides that the sergeant "[m]aintains contact with officers throughout the shift providing supervision and advice . . . [p]rovides guidance and direction to officers in dealing with such problems as discipline . . . makes recommendations to supervisor on performance evaluation and disciplinary actions." (Emphases added.) Also, "[i]n the absence of the Chief," the sergeant "may assume the powers, duties and responsibilities of the Chief, within the limits established by Department policy." Similarly, the corporal job description states that the corporal

"[p]rovides <u>direct or general supervision</u> to Police Officers or civilian personnel . . . <u>evaluates performance and recommends discipline</u>." (Emphases added.) In addition, the corporal "makes assignments and reassigns subordinates as warranted . . . <u>reviews the work product and efficiency</u> of subordinates . . . [m]aintains contact with subordinates throughout the shift <u>providing supervision</u>, advice and assistance as necessary." (Emphases added.)

Moreover, the sergeant and corporal currently <u>do</u> exercise supervisory authority. The sergeant sets the monthly schedule for full-time patrol officers, determines whether there is a need for part-time patrol officers, and provides advice and guidance to officers when necessary. See <u>Appeal of East Derry Fire Precinct</u>, 137 N.H. 607, 611 (1993) (finding that fire department officers were supervisory employees in part because they assigned work, ensured full staffing on shifts, and supervised individuals under their command). At the evidentiary hearing before the hearing officer, the police chief testified that, when he is not on duty, the sergeant is responsible for supervising the patrol officers. The chief further testified that, if he is not on duty and is inaccessible, and there is a serious disciplinary or safety issue within the department, the sergeant or corporal is responsible for initially addressing such an issue, depending upon whether the sergeant is available. The corporal testified that he answers substantive questions from patrol officers, and provides guidance to them.

Further, the sergeant and corporal attended a "supervisory training," and their attendance was paid for with funding approved by the Town's Board of Selectmen. Other than the chief, no other officers attended the training. The chief made the request to the Board for funding, and he testified that he sought to have the sergeant and corporal attend the training to further their learning of the supervisory skills exercised under their job descriptions. In making the request to the Board, the chief described the corporal as the police department's "night supervisor."

The Union argues that we should rely on the testimony of the police chief and corporal that, in practice, the chief alone has authority in the areas of evaluation and discipline. We are not persuaded. Although the chief testified that he considers the sergeant and corporal to be "glorified patrol officers," and that he does not believe that their inclusion in the bargaining unit would create a conflict among employees, "[t]he fact that [an employee] has [supervisory] authority, <u>regardless of whether he presently exercises it</u>, is sufficient to vest him with supervisory authority under the statute." <u>Appeal of Town of Stratham</u>, 144 N.H. 429, 432 (1999) (emphasis added). Although the sergeant and corporal may not currently exercise their full authority to evaluate and discipline other employees granted to them by the job descriptions, they are authorized to do so and could do so in the future, without a formal change to their official duties. See <u>N.H. Retirement System</u>, 167 N.H. at 691-92 (finding that employees were supervisory employees in part because their job

3

descriptions vested them with supervisory authority, even though they had not actually performed all supervisory duties specified in the job descriptions). Further, the sergeant and corporal presently do exercise authority in the area of supervision.  See id.

The Union also urges us to consider "qualifying language" in the job descriptions stating that "[a]ny one position may not include all of the duties listed."  The Union argues that, because some of the duties suggesting supervisory authority are subject to this "qualifying language," those duties are of little probative value.  The Union, citing Appeal of Town of Moultonborough, 164 N.H. 257 (2012), and Appeal of University System of N.H., 131 N.H. 368 (1988), further argues that the positions at issue here are distinguishable from the positions addressed in our earlier cases in which we have found employees to have supervisory authority.  We disagree.  First, many of the job duties in this case that describe supervisory authority are not subject to the "qualifying language" cited by the Union.  Second, when taken as a whole, the job descriptions vest the sergeant and corporal with authority in the areas of evaluation, supervision, and discipline — the very factors that we have identified as material.  See University System, 131 N.H. at 376.  Like the fire captain positions addressed in University System, here, the sergeant and corporal are "in command . . . when senior staff are not present."  Id.  The sergeant and corporal exercise supervision over patrol officers, the sergeant sets the schedule and ensures full staffing on shifts, and the sergeant may, subject to department policies, assume the duties of the chief in his absence. See Moultonborough, 164 N.H. at 266; East Derry, 137 N.H. at 611.

Given the record before us, we find that the sergeant and corporal are employees "exercising supervisory authority involving the significant exercise of discretion."  RSA 273-A:8, II.  The authority given to the sergeant and corporal under their job descriptions, combined with their actual exercise of supervisory functions, makes them supervisory employees under the statute.  Therefore, they may not be included in the bargaining unit.  See id.

Because the sergeant, corporal, and part-time firefighter cannot be included in the bargaining unit, the proposed bargaining unit would contain, at most, eight employees; therefore, it cannot be certified.  See RSA 273-A:8, I. Given our holding, we need not consider the parties' other arguments.

Reversed.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4