NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Public Employee Labor Relations Board
Case No. 2024-0097
Citation: Appeal of Town of Barnstead, 2025 N.H. 14

APPEAL OF TOWN OF BARNSTEAD
(New Hampshire Public Employee Labor Relations Board)

Argued: November 7, 2024
Opinion Issued: March 26, 2025

Drummond Woodsum & MacMahon P.A., of Manchester (Matthew H. Upton and Nicholas J. Blei on the brief, and Matthew H. Upton orally), for the petitioner.

Abigail M. Geier, of Boston, Massachusetts, on the brief and orally, and Pyle Rome Ehrenberg, P.C., of Boston, Massachusetts (Ian O. Russell on the brief), for the respondent.

DONOVAN, J.

[¶1] The Town of Barnstead (Town) appeals a decision of the New Hampshire Public Employee Labor Relations Board (PELRB) certifying a bargaining unit comprised of employees from the Town's police and fire departments. The Town argues that the PELRB erred by concluding that the employees in the bargaining unit share a "community of interest" pursuant to

RSA 273-A:8, I (2023) and contends that the PELRB's conclusion is contrary to our decision in Appeal of Town of Newport, 140 N.H. 343 (1995). We agree and reverse.

I.      Facts

[¶2] In February 2023, AFSCME Council 93 (AFSCME) filed a petition to certify a bargaining unit consisting of thirteen of the Town's employees in various positions within the police and fire departments: three firefighter-EMTs, two fire rescue captains, one fire rescue lieutenant, one police sergeant, five police officers, and one police secretary.[1] The Town objected, arguing that the duties of the employees in the proposed bargaining unit "are so dissimilar that they lack the essential community of interest." See RSA 273-A:8, I. In lieu of a hearing, the parties agreed to submit the case to the PELRB for a decision on the written record.

[¶3] In September 2023, a PELRB hearing officer issued a decision approving the proposed bargaining unit consisting of fourteen of the Town's employees. The hearing officer concluded that the "employees in the proposed unit have a sufficient community of interest such that it is reasonable for them to negotiate jointly." The hearing officer reasoned that despite any difference in training requirements, job duties, and standard operating procedures between the police and fire department employees, all of the employees in the proposed bargaining unit work in the field of public safety for the Town and are subject to the Town's employment terms and conditions. The hearing officer also observed that the employees work in approximately the same geographic area, interact with each other at work, and identify a "self-felt community of interest."

[¶4] The Town subsequently filed a request for review of the hearing officer's decision, challenging the determination that the employees share a "community of interest" pursuant to RSA 273-A:8, I. The PELRB denied the Town's motion and approved the hearing officer's decision. The Town subsequently moved for rehearing, which the PELRB denied. In January 2024, the PELRB certified AFSCME as the bargaining unit's exclusive representative. The Town thereafter filed a Rule 10 appeal in this court, and AFSCME filed a motion for summary affirmance. We denied the motion for summary affirmance and accepted the appeal.

II.      Analysis

[¶5] On appeal, the Town challenges the PELRB's determination that the police and fire department employees in the proposed bargaining unit share a

---

[1] The PELRB also granted AFSCME's motion to amend its petition to add the position of police lieutenant to the proposed bargaining unit.

"community of interest" pursuant to RSA 273-A:8, I. "When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable." Appeal of Town of Moultonborough, 164 N.H. 257, 259-60 (2012) (quotation omitted); see RSA 541:13 (2021). Although the PELRB's findings of fact are presumptively lawful and reasonable, we require that the record support its determinations. Appeal of Town of North Hampton, 166 N.H. 225, 229 (2014). Issues of law, including the interpretation of RSA 273-A:8, I, and the application of our prior decisions to the PELRB's findings of fact, are not subject to deferential review. See Appeal of Town of Litchfield, 147 N.H. 415, 416-18 (2002).

[¶6] The principal consideration in determining a proper bargaining unit is whether there exists a community of interest in working conditions such that it is reasonable for the employees to negotiate jointly. Appeal of Town of Moultonborough, 164 N.H. at 260. Pursuant to RSA 273-A:8, I, the PELRB must consider certain criteria such as any similarity in conditions of employment, a history of workable and acceptable collective negotiations, and identity of organizational units. Id.; see RSA 273-A:8, I. Further, PELRB regulations set forth additional factors for consideration, including a "common geographic location" of the proposed unit, the presence or absence of "common work rules and personnel practices," "common salary and fringe benefit structures," the "self-felt community of interest among employees," and the potential for "division of loyalties between the public employer and the employees' exclusive representative." N.H. Admin. R., Pub 302.02; see Appeal of Town of Moultonborough, 164 N.H. at 260. When construing "community of interest," therefore, we consider such factors as skills, duties, working conditions, employee benefits, the organizational structure of the employer, and the extent to which the work is integrated. Appeal of Town of Moultonborough, 164 N.H. at 260.

[¶7] From the record submitted for decision, the PELRB hearing officer found that "all employees in the proposed bargaining [unit] work within the same jurisdiction, the Town of Barnstead, and are subject to the hiring, firing & disciplinary decisions by the same Board of Selectmen." In addition, the hearing officer noted that "[a]ll of these employees are public safety employees and all of them serve to protect the lives and property of the residents of Barnstead." The hearing officer further explained that:

> the terms and conditions of employment of all employees in the proposed bargaining unit are governed by the Manual, established by the Town Board of Selectmen, which covers, among other things, compensation, hours of work, reimbursable expenses, overtime, compensatory time, break periods, holidays, vacation, sick, and other leaves, medical and dental benefit plans, disability

3

coverage, personal dress, personnel records, discipline procedure, promotions, transfers, performance appraisals, and dispute resolution procedure.

Given these common personnel policies, the hearing officer reasoned that the "differences in bargaining unit positions' training requirements or specific job duties do not preclude a formation of a cohesive bargaining unit." The hearing officer stated that "[t]he fact that the police and fire departments have separate [standard operating procedures] is of no consequence as [standard operating procedures] are usually established unilaterally by an employer and not a mandatory subject of collective bargaining."

[¶8] The hearing officer also distinguished the present case from our decision in Appeal of Town of Newport. There, the proposed bargaining unit was composed of the town's highway, cemetery, recreation, water and sewer, and fire department employees. Appeal of Town of Newport, 140 N.H. at 344. The PELRB approved the proposed bargaining unit, and the town appealed, arguing, among other things, that there was insufficient evidence of a community of interest to include fire lieutenants with the other employees in the bargaining unit. Id. at 344-45, 352. We agreed with the town and concluded that the PELRB's findings did not provide a sufficient basis upon which to conclude that the firefighters shared a community of interest with the other employees in the bargaining unit. Id. at 354-55. From our review of the record, we determined that "other than sharing a common employer, the fire lieutenants have little in common with the other employees proposed for certification." Id. at 354. Specifically, we noted that the fire lieutenants worked different hours than other town employees and operated under a different collective bargaining agreement. Id. Thus, despite the PELRB's finding of a "self-felt community of interest," we concluded that the record did not support a conclusion that the fire lieutenants shared a community of interest sufficient for it to be reasonable for the employees to negotiate jointly. Id. at 354-55.

[¶9] Here, the PELRB hearing officer concluded that, "unlike fire lieutenants in Newport, the Fire and Police employees in this case, among other things, operate under the same terms and conditions of employment, regularly interact with each other, have the same salary and fringe benefits structures and personnel practices, and work in the same geographic location." In the Town's view, Appeal of Town of Newport stands for the proposition that employees with different schedules, duties, responsibilities, and chains of command do not share a community of interest despite having a common employer and common set of generally applicable personnel policies. The Town therefore contends that the PELRB misapplied Appeal of Town of Newport's community of interest analysis and that its conclusion is contrary to our decision in Appeal of Town of Newport. We agree.

4

[¶10] The PELRB's decision was based, in significant part, upon the fact that employees from both the police and fire departments are subject to the terms and conditions set forth in the Town's personnel policies and procedures manual.  Indeed, the Town's personnel manual sets forth uniform fringe benefits and employment policies that apply to the Town's employees, including those from its police and fire departments.  However, those policies, procedures, and benefits apply not only to employees of the Town's police and fire departments but to all employees in all departments.  We agree with the Town that the "presence of a generally applicable Personnel Policies and Procedures Manual is little more than evidence of a common employer." Simply concluding that a community of interest exists because all of the Town's employees follow its employment policies fails to acknowledge differences in organizational structures, duties and responsibilities, and work schedules.  If sharing a common employer and common personnel policies were sufficient to establish a community of interest, then there would be no reason to consider other factors.  See RSA 273-A:8, I; N.H. Admin. R., Pub 302.02; see also Garand v. Town of Exeter, 159 N.H. 136, 141 (2009) ("The legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect." (quotation omitted)).

[¶11] In Appeal of Town of Newport, our conclusion was based, in part, upon the fact that fire lieutenants worked different schedules than the other employees in the proposed bargaining unit.  Appeal of Town of Newport, 140 N.H. at 354.  The same reasoning applies here.  In this case, the record shows that police and fire department employees maintain different work schedules. Police department employees generally work four ten-hour shifts per week, from either 7 a.m. to 5 p.m. or 5 p.m. to 3 a.m., and rotate between shifts every few months.  Fire department employees, on the other hand, work two 24-hour shifts weekly "to ensure constant, around the clock coverage."

[¶12] The PELRB also observed that employees from both the police and fire departments work in the field of public safety and "serve to protect the lives and property of the residents of Barnstead."  Although the parties agree that all of the employees in the proposed bargaining unit generally provide emergency assistance and "perform critical public safety functions for the Town," the duties carried out by employees of the two departments differ.  Fire department employees provide "among other public services, fire suppression, rescue and ambulance services to citizens of the Town."  They are also responsible for providing emergency medical care and transportation.  Police department employees, on the other hand, are "engaged in law enforcement, including, but not limited to, performing patrol, arrest and prosecutorial functions."  Police officers and sergeants are armed and have arrest authority.  Furthermore, the record reveals that police and fire department employees utilize different equipment and maintain different certifications.  Although in some instances police and fire department employees attend trainings together, the differences in their respective duties require that they complete separate trainings.

5

[¶13] In addition, employees from the two departments work in different locations and follow different operating procedures. Although both departments are located within close proximity to one another in Center Barnstead, the two departments operate from separate buildings. Organizationally, the police and fire departments have separate chiefs, budgets, rank structures, and standard operating procedures. The hearing officer's statement that the difference in standard operating procedures "is of no consequence" because standard operating procedures are "not a mandatory subject of collective bargaining" is not supported by the record in this case. Rather, we agree with the Town that the existence of separate standard operating procedures contradicts the PELRB's conclusion that common work rules apply to all employees in the proposed bargaining unit.

[¶14] AFSCME points to prior PELRB decisions approving bargaining units consisting of employees from different departments, in some cases from other towns' police and fire departments. However, the community of interest showing is a fact-intensive process that must be determined on a case-by-case basis. See id. at 352. Although "the statutory and regulatory framework that guides PELRB decisions is flexible, and gives much discretion to the PELRB's expertise," Appeal of Town of Moultonborough, 164 N.H. at 260-61, we agree with the Town that the PELRB's finding that the employees in the proposed collective bargaining unit share a community of interest is contrary to the record before us and our decision in Appeal of Town of Newport. See Appeal of Town of Newport, 140 N.H. at 354-55.

### III.   Conclusion

[¶15] Notwithstanding the PELRB's findings, which derive primarily from the fact that police and fire department employees all work for the Town, we conclude that the record does not support the conclusion that there exists a community of interest in working conditions such that it is reasonable for the employees to negotiate jointly. See id. Accordingly, we reverse the PELRB's decision approving the proposed collective bargaining unit.

Reversed.

MACDONALD, C.J., and BASSETT and COUNTWAY, JJ., concurred.